550 A.2d 1051

Paul G. Baughman, Petitioner *v.* Workmen's Compensation Appeal Board (Laurel Environmental Services, Inc.), Respondents.

628

Submitted on briefs June 7, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*E. David Harr,* for petitioner.

*F. David Dermotta, Faderewski and Herrington,* for respondents.

Opinion by Judge McGinley, December 9, 1988:

Paul Baughman (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee denying his petition for reinstatement of workmen's compensation benefits.

Claimant was employed as a bulldozer operator for Respondent, Laurel Environmental Services, Inc., (Employer) when the bulldozer he was operating hit a rock causing Claimant to strike his head on an iron bar in the roof of the vehicle. Claimant suffered a black eye and required stitches to close a head wound. Claimant was paid compensation from November 17, 1984 to March 29, 1985, with a credit for specific days worked. On March 28, 1985, Claimant returned to his regular job and on May 2, 1985, Claimant signed a supplemental agreement reflecting the foregoing. Claimant was laid off on May 21, 1985 and collected unemployment compensation benefits until October 6, 1985. Claimant petitioned for the reinstatement of his compensation benefits on November 20, 1985.

Before the referee, Claimant testified that his problems persisted; that he was unable to secure work as the result of his work related injury; and that he was totally disabled as the result of such injury. The deposition of Dr. John M. Aber, a physician board certified in family practice, was admitted into evidence. Dr. Aber stated he treated Claimant and returned him to work on January 28, 1985. The doctor continued to treat Claimant for various problems and on July 22, 1985, Claimant presented the doctor with claims of shoulder pain. Dr. Aber prescribed physical therapy and medication. Treatment was completed on April 7, 1986. Dr. Aber could not link Claimant's problems to his original work related injury and testified that he did not know whether it was the work related injury or a degenerative disc disease causing Claimant's neck problem.

Dr. Shaukat Hayat, consulting neurosurgeon, appeared before the referee under subpoena and refused to opine as to the cause of Claimant's slipped disc or cervical root compression syndrome. Claimant also introduced the deposition testimony of Dr. Larry E. Wilkins, Claimant's treating chiropractor, who opined that Claimant's condition was related to the accident at work and that Claimant is totally disabled.

Employer presented the testimony of Dr. William R. Barton, an orthopedic surgeon, who opined that Claimant was not disabled and could operate a bulldozer without restriction. The referee found that the Claimant's testimony as to his disability relative to his work related injury was not credible. Nor was the referee persuaded by the testimony of Dr. Aber and Dr. Hayat. The testimony of Dr. Wilkins was determined not to be credible. Conversely, the referee found the testimony of Dr. Barton credible and determined that Claimant sustained no disability as a result of any work related injury. The referee also made a factual finding that Claimant failed to prove he suffered a recurrence of disability as a result of a compensable work related injury. The Board affirmed and Claimant appeals.

Claimant argues the Board erred by requiring him to prove that his condition changed or recurred. Claimant asserts the proper standard of proof is whether the Claimant has proved he is unable to return to work at his prior job as a bulldozer operator. Claimant also contends that Employer must prove that there is other employment available before suspended benefits can be terminated. This Court's scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed or necessary findings of fact are not supported by substantial competent evidence of record. *Kear v. Workmen's Compensation Appeal Board (Fairman Drilling Co.)*, 102 Pa.

Commonwealth Ct. 193, 517 A.2d 586 (1986); *Harmar Coal v. Workmen's Compensation Appeal Board (Dunmyre)*, 30 Pa. Commonwealth Ct. 64, 372 A.2d 1244 (1977).

The Claimant's burden in a reinstatement proceeding pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, (Act) Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772, is to demonstrate that the reasons for the suspension no longer exist. *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985).

The Claimant initially received benefits pursuant to a Notice of Compensation Payable dated December 14, 1984. Claimant eventually signed a supplemental agreement on May 2, 1985, suspending benefits and returned to work.

Employer neither petitioned for termination of Claimant's benefits nor obtained a final receipt. Further, Employer never petitioned to have the Notice of Compensation Payable set aside. More importantly, neither the referee nor the Board legally concluded that said Notice of Compensation Payable should be set aside. Instead, Employer and Claimant elected to enter into a supplemental agreement merely suspending Claimant's benefits. This agreement states "[T]hat on and after March 29, 1985, Compensation shall be payable to the said employee at the rate of $283.05 per week for 0 weeks . . ."

The referee and the Board held that Claimant must prove that his disability recurred before his compensation benefits may be reinstated. The Board incorrectly relied upon our decision in *D.P. Herk Zimmerman, Jr., Inc. v. Workmen's Compensation Appeal Board (Himes)*, 103 Pa. Commonwealth Ct. 68, 519 A.2d 1077 (1987). *Zimmerman* involved a reinstatement petition

where the employee's benefits were terminated, not suspended. By entering into an agreement to merely suspend benefits instead of terminating them, Employer in the case *sub judice* agreed that Claimant remained disabled. Employer did not challenge that Claimant was disabled until he petitioned for reinstatement of his benefits. A presumptive partial disability exists by virtue of the supplemental agreement to suspend compensation; Employer can eliminate liability only by offering suitable work. As no such offer was extended to Claimant, Employer has not met its burden. Under Section 413 of the Act, the Claimant must simply show that while his disability continued, his loss of earnings has recurred. *See Economy Decorators v. Unemployment Compensation Board of Review (Federici),* 96 Pa. Commonwealth Ct. 208, 215, 506 A.2d 1357, 1360 (1986).

Accordingly, until the Notice of Compensation Payable is set aside Claimant is entitled to a reinstatement of benefits because he was laid off from his regular job. Whether Claimant was laid off his regular job or a specially created job is irrelevant.

The order of the Board is reversed and the case remanded for computation of benefits.

## ORDER

AND NOW, December 9, 1988, the order of the Board is reversed and the case remanded for computation of benefits.

Judge MACPHAIL did not participate in the decision in this case.