584 A.2d 364

Charles Thomas REILLY, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GENERAL ELECTRIC COMPANY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 1990.

Decided Dec. 10, 1990.

Reargument Denied Jan. 31, 1991.

544

Harold I. Goodman, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, for petitioner.

Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, Philadelphia, for respondent, General Elec. Co.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Charles Thomas Reilly (Claimant) petitions this Court to review an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee granting Claimant benefits for the limited period of February 22, 1972 to October 1, 1972 while denying Claimant benefits for his claimed psychiatric disability on the ground that it was not causally connected to his work-related injury.[1]

Procedurally, this is the second time this case has been before us. In our previous opinion, *Reilly v. Workmen's Compensation Appeal Board (General Electric Company)*, 98 Pa.Commonwealth Ct. 488, 512 A.2d 749 (1986)[2], *petition for allowance of appeal denied*, 514 Pa. 651, 524 A.2d 496 (1987), we reversed an order of the Board which dismissed Claimant's reinstatement petition as well as denied Claimant's appeal *nunc pro tunc* on the ground that the referee's decision to dismiss Claimant's original claim petition, which was based upon a stipulation submitted by the parties, violated Section 407 of The Pennsylvania Workmen's Compensation Act[3] (Act). Having determined that the referee's decision was null and void and that Claimant was entitled to have his case considered on the merits, we remanded the matter for further proceedings on Claimant's original claim petition.

On remand, the referee ruled that the case was still open and both sides were free to present additional evidence into the record. Based on the additional medical testimony submitted by General Electric Company (Employer), the referee found that, while Claimant had sustained a work-related injury on December 18, 1970 which physically disabled him from February 22, 1972 through October 1, 1972,

---

1. This case was reassigned to the opinion writer on April 23, 1990.
2. That opinion will hereinafter be referred to as *Reilly I*.
3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 731.

Claimant's current psychiatric disability was not causally connected to his injury.[4] Accordingly, the referee awarded Claimant benefits for the limited period of February 22, 1972 to October 1, 1972, after which time, such benefits were to be suspended.

On appeal by Claimant, the Board modified the referee's decision by awarding interest on compensation due at the rate of 10 percent, instead of 6 percent. The Board then affirmed the referee's decision as modified. This petition for review followed.

■ Claimant, invoking the "law of the case doctrine," initially argues that the Board in this case erred in affirming the referee's decision as modified, claiming that the referee, on remand, was without power to alter, modify or depart from this Court's previous opinion, *Reilly I*, with regard to any matter that was at issue and decided therein. While we agree with the general rule of law posited by Claimant, we do not agree that it is applicable to this case. As the Board stated in its opinion:

> It is important to note that there was never any decision made on the merits of the case until after the Remand by the Commonwealth Court. The issue before the Court [in *Reilly I*] was whether or not the Claimant had the right to overturn the original Referee's decision dismissing his Claim Petition and to proceed on the merits. The actual merits of his claim were not an issue. The Common-

---

**4.** Specifically, the referee made these Findings of Fact:

At the re-hearing of this matter, Defendant introduced into evidence the expert medical opinion testimony of Dr. Wolfram Rieger, a board certified psychiatrist who examined Claimant and made an extensive review of Claimant's medical history.

The referee finds credible, unequivocal and substantial, Dr. Rieger's expert opinion and diagnosis of Claimant which established that Claimant was suffering from chronic alcoholism and depression which began in 1970, but was not causally connected to Claimant's work-related physical accident or injury of December 18, 1970. The testimony of Claimant's psychiatrist, Dr. Jack Weinstein and the testimony of the Claimant, each of whom attempted to establish that Claimant's mental dysfunction was caused by Claimant's work-related physical injury of December 18, 1970, is hereby rejected.

Findings of Fact, Nos. 8–10.

wealth Court decision overturned previous Board Opinions and allowed the Claimant to proceed on the merits. Neither the prior Board Opinions nor Referee's Decisions addressed the merits of Claimant's work injury and its alleged sequelae.

Board's Opinion, p. 3.

In *Reilly I*, the issue before this Court was "whether or not Claimant [was] entitled to a hearing on the merits of his case." *Id.*, 98 Pa.Commonwealth Ct. at 490, 512 A.2d at 749. To support our conclusion that Claimant was entitled to have his case considered and determined on the merits, we discussed some of the evidence which had already been presented in the case. Our discussion of that evidence was offered as support for our position that the referee's decision, which was based on a stipulation submitted by the parties, constituted an illegal settlement in violation of Section 407 of the Act, 77 P.S. § 731.[5] In no way was our discussion of the evidence in *Reilly I* intended to resolve disputed factual questions in the case. Only a referee, in worker's compensation cases, may make findings of fact; a reviewing court may not. *Williams v. Spaulding Bakeries, Inc.*, 464 Pa. 29, 346 A.2d 3 (1975).

Next, Claimant argues that the Board erred in affirming the referee's decision as modified because the referee exceeded the scope of this Court's order in *Reilly I* when he allowed additional evidence to be presented on remand. Concurrently, Claimant asserts that because the referee allegedly exceeded the scope of our remand order, Dr. Rieger's testimony should be disregarded.[6]

In *Reilly I*, our remand order stated, *inter alia*, "this case is remanded for proceedings on the original claim petition filed October 13, 1971, such proceedings to be not

5. Because the evidence formed the basis for our decision that Claimant was entitled to have the stipulation and prior decision of the referee set aside and have a decision on the merits, it was not dicta, as characterized by the Board in its opinion.

6. The referee based his finding that Claimant's psychiatric disability was not causally connected to his December 18, 1970 work-related injury on Dr. Rieger's testimony. Finding of Fact No. 9.

inconsistent with this opinion." *Id.* 98 Pa.Commonwealth Ct. at 505, 512 A.2d at 756. As support for our decision to remand, we cited *Leaseway Systems, Inc. v. Workmen's Compensation Appeal Board (Beccerra)*, 53 Pa.Commonwealth Ct. 520, 418 A.2d 796 (1980).

In *Leaseway Systems, Inc.*, the claimant filed a claim petition alleging that he had suffered a work-related injury while employed by Leaseway. Subsequently, the claimant and Leaseway entered into a compensation agreement in which Leaseway agreed to pay benefits to the claimant from December 6, 1972 through January 1, 1974. In exchange, the claimant agreed not to claim interest or penalties on the payments made by Leaseway. Additionally, both parties agreed to leave open the question of continuing disability beyond January 1, 1974.

Thereafter, four hearings were held before a referee to determine whether the claimant continued to be disabled after January 1, 1974. At the conclusion of the hearings, the referee found that the claimant had not sustained his burden of proving that he was disabled after January 1, 1974 and, consequently, the referee denied him benefits. The claimant appealed the referee's decision to the Board.

The Board, in reviewing the referee's decision, determined *sua sponte* that the initial compensation agreement entered into by the parties violated Section 407 of the Act, 77 P.S. § 731 and, therefore, was null and void. Accordingly, the Board reversed the order of the referee and ordered Leaseway to pay the claimant total disability benefits from December 6, 1972 into the indefinite future.

Upon further appeal to this Court, we agreed with the Board's conclusion that the compensation agreement violated Section 407 of the Act; however, we disagreed with that part of the Board's order which ordered Leaseway to pay total disability benefits to the claimant indefinitely from December 6, 1972. We reasoned that the Board erred as a matter of law in basing its decision that Leaseway must pay benefits to the claimant on the parties' compensation agreement when that agreement was held to be null and void.

The agreement, as required by Section 407, is *wholly* null and void and unenforceable as to all provisions of the agreement and as to all parties. In other words, we must treat it as if it never existed. The result of a Decision such as this, of course, is that the parties are returned to the status as it was before they entered into the agreement. Claimant's Petition for Compensation will be regarded as still pending before the Referee and Claimant will bear the burden of proving his right to compensation and all the elements necessary to support an award. (Citations omitted and emphasis in original.)

*Id.*, 53 Pa.Commonwealth Ct. at 526–527, 418 A.2d at 799. Thus, we remanded the case for further proceedings on the original claim petition.

In the instant case, neither party disputes the fact that their stipulation, having been determined to be null and void, and the decision based thereon, must give way to a proceeding on the original claim petition. The parties disagree, however, as to the proper interpretation of this Court's remand order in *Reilly I* regarding the taking of additional evidence on Claimant's original claim petition.

It is Claimant's contention that the referee exceeded the scope of our order when he allowed additional evidence to be placed on the record after remand since the record on the merits of Claimant's claim petition was previously declared closed.[7] Specifically, Claimant contends that, on remand, all the referee should have done was make findings of fact and conclusions of law based upon the then existing record, rather than declare the record still open and admit additional evidence on the merits of Claimant's claim.

■ Initially, we wish to note that we do not interpret *Leaseway Systems, Inc.* as standing for the proposition that previous sworn testimony, properly placed in the record during prior proceedings, must be replaced by new testimo-

---

7. The referee in this case heard evidence on the merits of Claimant's original claim petition in conjunction with evidence on Claimant's claim that the stipulation and decision based thereon compromised his worker's compensation claim in violation of Section 407 of the Act, 77 P.S. § 731. On January 9, 1981, by agreement of the parties, the referee closed the record in the case.

ny or must be denigrated in some fashion on remand. On the contrary, we interpret *Leaseway Systems, Inc.* as standing for the proposition that a void agreement returns the parties to the same *status* as they were before they entered into the agreement; that being, the claimant must still prove all the elements necessary to support an award of compensation on his original claim petition. As such, the testimony placed in the record during prior proceedings on the original claim petition still remains part of the record when the case is remanded for further proceedings on that claim petition.

■ To make a determination as to whether a referee exceeded the scope of a remand order, it is necessary to examine the contents of that order. In *Cleland Simpson Co. v. Workmen's Compensation Appeal Board (Decker)*, 128 Pa.Commonwealth Ct. 62, 562 A.2d 981 (1989), this Court was presented with the same issue as we have here; namely, whether a referee may receive additional testimony in order to make necessary findings on remand, when this Court's order as well as the Board's order do not specifically state that additional testimony shall be heard.

There, we remanded the case for a factual determination of whether the employer had knowledge or was given notice of the claimant's work-related injury within 120 days. The referee, on remand from the Board, opened the record and took additional testimony. Based on that testimony, the referee concluded that proper notice had been provided to the employer.

The employer appealed, arguing that the referee improperly opened the record on remand. After discussing the Pennsylvania Supreme Court decisions, *Joseph L. Joseph, Jr. v. Workmen's Compensation Appeal Board (The Delphi Company)*, 522 Pa. 154, 560 A.2d 755 (1989) and *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988), we disagreed and held that, when the remand orders of this Court or the Board do not contain limiting language, the referee in appropriate cases may receive additional testimony in order to develop a full record.

■ Here, in *Reilly I*, this Court remanded the case for proceedings on Claimant's claim petition which were not to be inconsistent with our opinion. Subsequently, the Board remanded the case, as was its prerogative, to a referee for proceedings on Claimant's original claim petition. Neither the remand order of this Court nor that of the Board contained limiting language as to the taking of additional evidence.

Additionally, the referee in this case ruled that the record was still open because he did not want to foreclose either side's opportunity to be fully heard.[8] The referee determined that, since Claimant had already met his initial burden of proof through the evidence he placed on the record before the case was remanded, he was "not going to force him to put on any additional ... testimony at this moment. [He would], however, permit [Employer] to proceed with whatever additional defense testimony he ha[d] and reserve[d] to [Claimant], full rights of rebuttal with respect to any aspect of the case." (N.T., July 17, 1987 Hearing, p. 20). Significantly, both Employer and Claimant presented further evidence on remand. Thus, neither party was prejudiced by the referee's decision to allow additional evidence to be placed on the record. Accordingly, we conclude that the referee did not exceed our remand order when he allowed additional evidence to be entered into the record.

■ Claimant also argues that the Board erred in affirming the referee's decision as modified because the referee committed reversible error when he accepted the testimony of Employer's medical witness over that of Claimant's treating physician. In a worker's compensation case, the weighing of the testimony is solely within the province of the referee and his decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal when it is supported by substantial evidence. *Modern Transfer v. Workmen's Compensation Appeal Board*, 47 Pa.Commonwealth Ct. 592, 408 A.2d 900 (1979). A referee may accept or reject the testimony of any

8. N.T., July 17, 1987 Hearing, p. 20.

witness in whole or in part. *Bell v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 156, 417 A.2d 273 (1980). This Court is bound by findings of fact which are clearly the result of resolutions of conflicts in the testimony and which are supported by substantial, competent evidence. *Killian v. Workmen's Compensation Appeal Board (Kelsey Hayes Co.)*, 62 Pa.Commonwealth Ct. 29, 434 A.2d 906 (1981).

■ The referee in this case expressly chose to accept as credible the testimony of Employer's medical witness, Dr. Rieger,[9] which denied that Claimant suffered from a psychiatric disability, and to reject the testimony of Claimant and Claimant's medical witness[10] as to this condition. Because we find that Dr. Rieger's testimony provides substantial support for the referee's finding that Claimant's psychiatric disability was not caused by his December 18, 1970 work-related injury,[11] it is not within our province to disturb it on appeal.

■ Claimant further argues that the Board erred in affirming the referee's decision as modified because Dr. Rieger's testimony regarding Claimant's alleged psychiatric disability was not competent to support the referee's finding that it was not caused by Claimant's December 18, 1970 work-related injury since (1) Dr. Rieger did not spend a sufficient amount of time in evaluating Claimant in order to make an informed medical judgment regarding the causa-

9. In Finding of Fact No. 9, the referee stated:
 The referee finds credible, unequivocal and substantial, Dr. Rieger's expert opinion and diagnosis of Claimant which established that Claimant was suffering from chronic alcoholism and depression which began in 1970, but was not causally connected to Claimant's work-related physical accident or injury of December 18, 1970.

10. In Finding of Fact No. 10, the referee stated:
 The testimony of Claimant's psychiatrist, Dr. Jack Weinstein and the testimony of the Claimant, each of whom attempted to establish that Claimant's mental dysfunction was caused by Claimant's work-related physical injury of December 18, 1970, is hereby rejected.

11. *See* N.T., July 17, 1987 Hearing, pp. 52–55.

tion of Claimant's psychiatric disability; and (2) Dr. Rieger was not qualified as an expert on alcoholism. We disagree.

Dr. Rieger testified that, besides examining Claimant once for approximately two hours, he also spent sixteen additional hours reading the previous testimony given by Claimant and Claimant's treating physician as well as Claimant's medical reports in order to gain background information about Claimant's injury. N.T., July 17, 1987 Hearing, p. 93. Based on the facts he gathered from these various sources, Dr. Rieger opined that Claimant's current psychiatric disability was the result of chronic alcoholism rather than his December 18, 1970 injury. Because Dr. Rieger need not base his testimony as to the cause of Claimant's psychiatric disability on the history personally given to him by Claimant, but may base it on previous testimony presented in the case as well as medical reports submitted into evidence, we conclude that Dr. Rieger's testimony regarding causation was competent. *See Henderson v. Workmen's Compensation Appeal Board (County of Allegheny)*, 78 Pa.Commonwealth Ct. 243, 467 A.2d 410 (1983).

As for Dr. Rieger's qualifications in the field of psychiatry, Claimant's counsel stipulated to them on the record. N.T., July 17, 1987 Hearing, p. 24. Based on his qualifications, Dr. Rieger was rendered an expert in that field. As an expert in psychiatry, Dr. Rieger was competent to testify on the psychological aspects of alcoholism without being an expert in alcoholism.

■ Lastly, Claimant argues that counsel fees and penalties should have been assessed against Employer in this case. First, we note that with respect to counsel fees, Claimant failed to request the imposition of counsel fees before the referee. Similarly, Claimant failed to establish the existence of any counsel fee agreement before the referee. A referee may not make an award of attorney's fees *sua sponte*. *Penczkowski v. Workmen's Compensation Appeal Board (Foster Wheeler Energy Corp.)*, 97 Pa.Commonwealth Ct. 419, 509 A.2d 964 (1986). According-

ly, we find that the referee did not err in not awarding counsel fees to Claimant.

 In regard to penalties, Claimant argues that the Board erred in not assessing penalties against Employer since Employer violated Section 407 of the Act, 77 P.S. § 731, when it presented the referee with an illegal stipulation which compromised Claimant's claim to compensation benefits. Before penalties may be imposed under Section 435 of the Act, 77 P.S. § 991, notice and a hearing must first be afforded the person who is accused of noncompliance with a section of the Act. *Brasco v. Workmen's Compensation Appeal Board (Gee Bee Furniture)*, 118 Pa.Commonwealth Ct. 564, 546 A.2d 717 (1988). As no such hearing was requested or held in this case, we find that the referee did not err in refusing to assess penalties.

 Unfortunately, however, the long and tortuous course taken by this case is not at an end, since we must once again remand for action by the compensation authorities. While the referee entered an order of suspension as of October 1, 1972, he failed to implement that suspension. Thus, his decision, as it currently stands, amounts to this: while there is no compensable disability suffered by Claimant due to his psychiatric condition, Claimant still suffers from some undetermined compensable disability which stems from the injury that caused him to be totally disabled from February 22, 1972 to October 1, 1972. The referee, of course, did not so state, but, as a matter of law, his suspension order must be so construed, implicitly calling for some degree of disability compensation during the suspension period following October 1, 1972. It is uncontested that Claimant's condition has rendered him unemployable during some or all of the time since October 1, 1972.

It is settled in the decisions of this Court that by virtue of the referee's order in which he merely suspends Claimant's compensation benefits, there is a presumption of continuing disability in favor of Claimant. As such, if the suspension is lifted, Claimant's only burden is to show that his loss of

earnings has recurred. Once Claimant sustains this burden, the burden then shifts to Employer who must either continue compensation payments or demonstrate the existence of a selective type job that Claimant is able to perform. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa.Commonwealth Ct. 469, 466 A.2d 278 (1983). *See also Baughman v. Workmen's Compensation Appeal Board (Laurel Environmental Services, Inc.)*, 121 Pa.Commonwealth Ct. 627, 550 A.2d 1051 (1988), *petition for allowance of appeal denied*, 525 Pa. 613, 577 A.2d 545 (1989).

In *Baughman*, where the suspension was by agreement,[12] we stated:

A presumptive partial disability exists by virtue of the supplemental agreement to suspend compensation; Employer can eliminate liability only by offering suitable work. As no such offer was extended to Claimant, Employer has not met its burden. Under Section 413 of the Act, the Claimant must simply show that while his disability continued, his loss of earnings has recurred.

*Id.*, 121 Pa.Commonwealth Ct. at 632, 550 A.2d at 1053.

In view of our affirmance of the main conclusions of the compensation authorities as expressed heretofore, and since we cannot evaluate the component in Claimant's continuing disability that is due to his injury, we must remand this case for the compensation authorities to determine the extent of compensability rather than order reinstatement of benefits for failure of Employer to offer suitable work.

Accordingly, this case is remanded for a determination of the extent of compensable disability suffered by Claimant on and after October 1, 1972 and his loss of earnings resulting therefrom.

**12.** For a case involving a referee's suspension, as in this case, *see Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa.Commonwealth Ct. 208, 215, 506 A.2d 1357, 1360 (1986).

## ORDER

AND NOW, this 10th day of December, 1990, the order of the Workmen's Compensation Appeal Board, dated May 1, 1989, at Docket No. A–96486, is remanded for a determination of the extent of compensable disability suffered by Claimant on and after October 1, 1972 and his loss of earnings resulting therefrom. In all other respects, however, the order is affirmed.

Jurisdiction relinquished.