[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#126 MOTION TO STRIKE
Defendants move to strike plaintiff's Amended Complaint, dated December 23, 1993, on the grounds that: 1) the plaintiff has failed to plead sufficient facts to support the allegations of mental suffering and emotional distress and 2) the plaintiff has not alleged sufficient facts in Counts seven through twelve, to recover under CUTPA.
The amended complaint alleges, in part, that in August, 1990, plaintiff, Helen B. Morelli, employed defendant, Attorney Thomas Kablik, P.C., to draft an estate plan to minimize the plaintiff's estate taxes. Defendant agreed to represent the plaintiff in drafting and handling the trust.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted). Novametrix Medical Systems, Inc., v. BOC Group,224 Conn. 210, 214-15 (1991).
MENTAL SUFFERING AND EMOTIONAL DISTRESS
Defendant first argues that the plaintiff has not alleged the necessary facts to recover for mental suffering and emotional distress. Defendant claims that in order for one to recover for emotional distress, absent physical injury, the facts must demonstrate that one party either intentionally and unreasonably subjected the other party to emotional distress, or should reasonably have foreseen that his/her conduct CT Page 1789 involved an unreasonable risk of causing the distress and from the facts known to him/her should have realized that the distress, if it were caused, might result in illness or bodily harm. Defendant further claims that because the plaintiff makes no claim for bodily injury, in order to recover for emotional distress and mental suffering, plaintiff must allege that defendants either intentionally subjected the plaintiff to the distress or unreasonably created a risk of distress or should reasonably have foreseen that distress might result from the defendants' actions.
In opposition, plaintiff argues that the defendant's motion to strike should be denied for the following reasons: a) a motion to strike is improper to eliminate improper allegations, and that a request to revise should be used instead; b) a request to revise filed by the defendant was previously denied. Accordingly, plaintiff argues that defendant's motion to strike Counts 1 through 12, in which the plaintiff seeks damages for emotional distress and mental suffering, should be denied. She also argues that a pleading can survive a motion to strike where the pleading contains all the elements of a cause of action. Plaintiff further claims that no attempt has been made to state a separate cause of action for either negligent or intentional infliction of emotional distress and that all the necessary elements to support the causes of action stated are present.
In Bertozzi v. McCarthy, 164 Conn. 463, 469, 323 A.2d 553
(1973), the court, in analyzing whether one may recover for emotional distress, stated:
 the test would be whether the plaintiff intentionally and unreasonably subjected the defendants to emotional distress which he should have recognized as likely to result in illness or other bodily harm. If the plaintiff did not intend to cause emotional distress, he is liable in damages only if he should have realized that his conduct involved an unreasonable risk of causing the distress and from the facts known to him should have realized that the distress, if it were caused might result in illness or bodily harm . . . it was nowhere alleged, much less proved . . . that the plaintiff either intentionally subjected the defendants to any sort of distress or unreasonably created a risk of distress or should reasonably have foreseen that it might result from CT Page 1790 any action on his part.
Plaintiff alleges in the complaint that "[a]s a direct and proximate cause of Defendant Kablik's breach of said contract, Plaintiff has sustained and will continue to sustain serious economical, mental and emotional distress and has been otherwise greatly injured."
Plaintiff does not allege in the complaint that defendant intentionally subjected plaintiff to any sort of distress. Nor is it alleged that defendant should reasonably have foreseen that distress might result from defendants' actions. Therefore, plaintiff has not alleged sufficient facts to establish a cause of action for emotional distress. Defendant's motion to strike, as to the plaintiff's allegations of emotional distress, is granted.
COUNTS SEVEN THROUGH TWELVE — CUTPA
Defendant moves to strike Counts seven through twelve, contending that the facts alleged are insufficient to state a claim under the Connecticut Unfair Trade Practices Act (CUTPA). Defendant argues that in order to recover under CUTPA, a party must plead with particularity; although CUTPA may apply to an attorney's misconduct, in the present case, the conduct does not meet the requirements of Connecticut General Statutes § 42-110b(a); that CUTPA claims do not involve conduct which is merely negligent and that the plaintiff has failed to allege sufficient facts indicating that the plaintiff's loss was the result of the defendant's claimed unfair trade practice.
Plaintiff claims that defendant's motion to strike the CUTPA claim should be denied because sufficient facts have been alleged in order to establish a cause of action under CUTPA and a legally sufficient cause of action can be established for attorney misconduct pursuant to CUTPA.
General Statutes § 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 550 A.2d 1051 (1988), the court stated "[i]n determining whether a practice violates CUTPA, we use the following criteria:" CT Page 1791
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common laws, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concepts of unfairness; (2) whether it is immoral, unethical, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen.)] . . . Thus, a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy.
Id., 254.
General Statutes § 42-110a stated that "[t]rade and commerce means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." McLaughlinFord, Inc. v. Ford Motor Co., 192 Conn. 558, 569 n. 15 (1984).
Plaintiff alleges that the defendant was an attorney who agreed to represent the plaintiff and was employed by the plaintiff to draft an estate plan that would minimize plaintiff's estate taxes. Accordingly, defendant is in the business of rendering legal services and therefore is engaged in a trade. "Federal law provides strong precedents for concluding that CUTPA applies to attorneys. Such a conclusion is buttressed by the fact that it comports with the decisions of other jurisdictions construing substantially similar legislation . . . CUTPA's regulation of the conduct of any trade or commerce does not totally exclude all conduct of the profession of law . . ." Heslin v. Connecticut Law Clinic ofTrantolo Trantolo, 190 Conn. 510, 520-21, 461 A.2d 938
(1983).
Plaintiff alleges in Counts seven through twelve that the CT Page 1792 defendant committed an act which was unfair or deceptive and therefore, amounted to a violation of CUTPA. Here, plaintiff alleges that the defendant held himself out to have the requisite expertise to implement an estate tax savings plan; however, the plan provided did not achieve the intended result.
Plaintiff has sufficiently pleaded facts which support a cause of action under CUTPA.
Defendant further claims that Counts nine through twelve should be stricken because an alleged personal injury grounded in negligence is legally insufficient to support a CUTPA violation and that an individual instance of unfair practice does not warrant an action under CUTPA. Defendant argues that the plaintiff's allegations that the defendant 1) failed "to keep abreast of State and Federal Legislation" and 2) failed to "fully inform the plaintiff of all options available in estate planning, are allegations of negligence, not unfair or deceptive business practices." Moreover, the defendant argues that because plaintiff has not sufficiently pleaded a CUTPA cause of action, plaintiff's requests for attorney's fees and costs should also be denied.
In response, the plaintiff states that one isolated transaction can give rise to a CUTPA claim.
There is a split among the Superior Court decisions as to whether a single act can constitute a violation of CUTPA.
"The Connecticut Unfair Trade Practices Act is a remedial statute enacted to foster honesty and full disclosure in the conduct of business." Jones v. Carson, 6 CSCR 514 (April 25, 1991, Nigro, J.).
"A majority of Superior Court decisions have held that an allegation of a single transaction is sufficient to state a CUTPA violation." 9 Conn. L.Rptr. 541 (September 13, 1993, Goldberg, S.J.). However, some courts have held that a single transaction is not sufficient to state a CUTPA violation. (See Laks v. Metropolitan Property and Casualty Ins. Co.,8 Conn. L. Rptr. 32 (December 3, 1992, Flynn, J.). Defendant's motion to strike Counts nine through twelve is denied.
In summary, defendants' motion to strike is granted with CT Page 1793 respect to the allegations of mental suffering and emotional distress and denied with respect to the CUTPA counts.
Schimelman, J.