**Susan RILEY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DPW/NORRISTOWN STATE HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 2009.

Decided March 17, 2010.

Publication Ordered June 17, 2010.

Don R. Clemens, Plymouth Meeting, for petitioner.

J. Brendan O'Brien, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Susan Riley (Claimant) petitions for review from an order of the Worker' Compensation Appeal Board (Board) that affirmed in part and reversed in part the decision of a Workers' Compensation Judge (WCJ) granting in part a Petition to Review Benefit Offset (Review Petition) filed by Claimant. We affirm.

Claimant sustained an injury in the course and scope of her employment on August 7, 2000. Employer accepted her injuries in a Notice of Compensation Payable that set forth an average weekly wage (AWW) of $489.20 with a corresponding total disability rate of $326.13. In July of 2002, Employer filed a Notice of Workers' Compensation Benefit Offset announcing it intended to offset Claimant's indemnity benefits by $266.61 per week based on Claimant's receipt of monthly pension benefits totaling $1,157.06.[1] Claimant subsequently filed her Review Petition asserting the Employer was improperly offsetting her workers' compensation benefits.

Employer presented the testimony of Linda Miller, director of the benefits determination division of the State Employees Retirement System. Ms. Miller testified that Claimant elected to take disability retirement and that under that plan she receives $1,618.21 per month. She stated that Employer's contributions to Claimant's pension constitute $1,157.06 per month.

On January 13, 2004, the WCJ denied Claimant's Review Petition finding Employer was entitled to offset Claimant's indemnity benefits in light of her receipt of a pension pursuant to Section 204(a) of the

Pennsylvania Workers' Compensation Act (WCA), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).[2] The WCJ acknowledged an argument raised by Claimant that Employer should be barred by "collateral estoppel" from taking an offset based on her contention that she was misled by Employer's agent to believe that she could receive her disability retirement pension and continue receiving workers' compensation benefits simultaneously. Reproduced Record (R.R.), p. 16a. He rejected this argument, however, for reasons immaterial to this instant appeal. The WCJ further rejected an argument by Claimant that because her workers' compensation benefits are paid to her by Compservices and not Employer, Employer is not directly liable for payment of benefits and not entitled to an offest.

The WCJ, in Conclusion of Law No. 4 of his 2004 Decision, stated "Claimant has not challenged the calculation of the offset. As a result, the figures calculated by Ms. Miller are accepted." R.R. at 16a. The WCJ, in that same conclusion of law, rejected Claimant's argument that the pension she receives is not the type contemplated by Section 204(a) of the WCA because it is temporary in nature. Claimant appealed.[3]

---

1. Once the employer's contribution to a claimant's monthly pension is determined, that number shall be divided by 4.34 to obtain its weekly offset. 34 Pa.Code § 123.9(a). $1,157.06 / 4.34 = $266.61.

2. Section 204(a) of the WCA provides in relevant part:

   The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void: Provided, however... The severance benefits paid by the employer directly liable for the payment of compensation and *the benefits from a pension plan to the extent funded*

*by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award* made under sections 108 and 306, except for benefits payable under section 306(c). (Emphasis added).

3. Claimant's Notice of Appeal filed with the Board reads, in pertinent part, as follows:

   I hereby appeal from the decision of Judge Martin Burman and specify the following errors of law committed by said Judge, and the reasons why the decision does not conform to the provisions of the [WCA] or the Occupational Disease Act. **A copy of the Judge's decision is *attached.***
   Conclusions of Law Nos. 2, 3, and 4. 1) The WCJ committed an error of law by conclud-

The Board, in a 2004 opinion, affirmed the WCJ's determination in part. It remanded, however, for more specific findings as to whether Employer was directly liable for indemnity payments in light of its contractual agreement with Compservices. The Board further instructed the WCJ to consider whether Claimant was lulled into taking her disability pension based on purported statements made to her that her workers' compensation benefits would be unaffected. In so doing, it was careful to note that Claimant's argument was one of equitable estoppel, not collateral estoppel. In rendering its opinion, the Board acknowledged an argument made by Claimant that if it found Employer was entitled to an offset, that offset should be pro-rated in accordance with the effective date of Act 57.[4] It found Claimant waived this argument, however, by raising it for the first time on appeal.

Subsequent to the Board's 2004 Order, but prior to the WCJ having an opportunity to act on remand, this Court issued *Pennsylvania State University v. Workers' Compensation Appeal Board (Hensal)*, 911 A.2d 225 (Pa.Cmwlth.2006) and *Department of Public Welfare/Western Ctr. v. Workers' Compensation Appeal Board (Cato)*, 911 A.2d 241 (Pa.Cmwlth. 2006). These cases both hold that actuarial testimony of past and future funding of a defined benefit pension plan is legally sufficient to prove the basis of an offset.[5] In *Hensal*, we stated "[b]ecause an appreciation of the funding of defined benefit pension plans requires knowledge beyond that possessed by laypersons, it is a subject particularly amenable to testimony by experts... This approach is consistent with common sense and with testimony that the extent to which an employer funded a particular employee's defined benefit pension can only be determined by an actuarial formula." *Hensal*, 911 A.2d at 232.

In light of these cases, Employer was permitted to present the testimony of an actuary, Brent Mowery.[6] He performed actuarial calculations utilizing an assumed rate of return of 8.5 percent. Mr. Mowery ultimately agreed with Ms. Miller's calculations that Employer contributions yield $1,157.06 in Claimant's monthly pension benefits.

The WCJ issued a new decision on remand crediting Mr. Mowery's testimony. The WCJ reconsidered Ms. Miller's testimony and concluded her calculations were

ing that the defendant employer was entitled to a section 209(sic) credit. 2) The WCJ, while conceding that the [WCA] failed to define a pension, concluded that a disability annuity, a non-vested entity, is equivalent to a pension, a vest (sic) entity. 3) Furthermore, the WCJ erred in concluding that the Doctrine of Collateral Estoppel did not apply and also concluding that Compservices, the payor of the workers' compensation benefits, is the same as the Department of Public Welfare, at Norristown State Hospital, claimant's employer. R.R. at 18a.

4. Section 204(a) of the WCA was amended to include the aforementioned language regarding a pension offset by Act 57, Act of June 24, 1996, P.L. 350.

5. A defined-benefit plan is a pension plan in which the benefit level is established at the commencement of the plan and actuarial calculations determine the varying contributions necessary to fund the benefit at an employee's retirement. 34 Pa.Code § 123.2.

6. The WCJ, in his post-remand decision, indicated that in light of *Hensal* and *Cato*, the parties agreed to expand the scope of remand to "encompass issues raised by those cases." R.R. at 45a. Claimant acknowledges the record was reopened by agreement for Employer to submit actuarial evidence. Claimant's brief, p. 7.

incorrect.[7] Due to the arithmetic error, the WCJ concluded that Employer failed to meet its burden of proof establishing its entitlement to an offset. The WCJ determined that Ms. Miller's calculations were incorrect because Ms. Miller included Employer contributions prior to the passage of Act 57 when calculating the offset. The WCJ determined that the enactment of Act 57 constituted a substantive change in the law and therefore Employer could not take into consideration Claimant's years of service prior to the passage of Act 57 when calculating any offset. The WCJ granted Claimant's Review Petition in part and instructed Employer to recalculate Claimant's benefit offset based on her receipt of pension payments consistent with his order.

The WCJ noted that Compservices was merely a third party administrator and that there was no question that Employer was directly liable for Claimant's indemnity payments. Consequently, Employer was entitled to an offset under Section 204(a) of the WCA. Moreover, he rejected Claimant's position that she was lulled into accepting the disability pension. The WCJ awarded litigation costs of $485.02.

The WCJ explained that in a separate matter adjudicated May 24, 2007, Claimant's AWW was corrected to be $789.68 with a corresponding total disability rate of $526.45. The May 24, 2007 Decision adopted a stipulation of the parties. In the stipulation, Employer agreed that it was responsible for payment of $200.32 per week commencing August 7, 2000 for the shortfall in payment due to Claimant's initial total disability rate of $326.13 and the corrected rate of $526.45. The WCJ noted in the instant matter that Claimant requested "additional benefits under Act 534 (Heart and Lung)." R.R. at 47a. He concluded that the matter was not "properly before [him], but merely represents a request for additional monies which may be owed by Defendant, as a result of this tribunal's un-appealed May 24, 2007 Decision."[8] Id. Both parties appealed.

The Board affirmed in part and reversed in part in a 2009 order. The Board noted that in its 2004 Opinion, it remanded only for a determination as to whether Employer was directly liable for Claimant's workers' compensation payments and whether Claimant was lulled by Employer's agent into taking a disability pension based on the belief that her indemnity benefits would remain unchanged. It determined that the WCJ exceeded his scope of review in reconsidering the accuracy and evidentiary weight of Ms. Miller's testimony. The Board made reference to the WCJ's finding in the 2004 Decision that Claimant did not challenge the sufficiency or accuracy of Ms. Miller's calculations.

The Board further concluded that the WCJ erred in finding Employer could not consider any of Claimant's service time prior to the passage of Act 57 when calculating its pension offset. It pointed out that the WCJ exceeded his scope of review in addressing this issue and that it already

7. We reiterate that Mr. Mowery, who was credited by the WCJ, agreed with Ms. Miller's calculations.

8. There appears to be some unintended confusion between the parties and the WCJ that benefits under the Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951–952 (Act 534) and benefits under the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638, are one in the same. The Heart and Lung Act and Act 534 are similar and the analysis of one can be adopted when interpreting the other. *Mihok v. Department of Public Welfare*, 135 Pa. Cmwlth. 265, 580 A.2d 905 (1990). Yet, they are distinct statutory provisions. It appears from the facts of this matter that Claimant received benefits under Act 534 for a period of time.

concluded previously that Claimant waived this issue. The Board, in its most recent opinion, also rejected Claimant's argument that she was entitled to additional workers' compensation benefits for the period of August 7, 2000 through April 2, 2002 when she purportedly received Act 534 benefits based on an incorrect AWW. This appeal followed.[9]

Claimant initially argues on appeal that the Board was correct in its 2009 opinion that the WCJ was to limit his findings on remand to the issues of whether Employer was directly liable for her workers' compensation payments and whether she was lulled by Employer's agent into taking a disability pension based on the belief that her indemnity benefits would remain unchanged. As a result of this position, Claimant asserts that her Review Petition must be granted because Employer failed to present actuarial evidence in the initial proceedings before the WCJ to support its offset as required by *Hensal, Cato*, and their progeny. Claimant posits that when she appealed the WCJ's initial decision to the Board, she argued that the WCJ committed an error of law by concluding that Employer was entitled to a pension offset. Further, Claimant asserts she challenged the "WCJ's Conclusion of Law No. 3 wherein the WCJ 'accepted' the 'figures calculated by Ms. Miller.'" Claimant's brief, p. 12. Claimant argues that she has

properly preserved the issue of the sufficiency of Employer's evidence at all stages of this matter and that Mr. Mowery's testimony is irrelevant as it should not have been considered on remand.[10]

Employer counters that Claimant failed to challenge Employer's calculation of its offset or the sufficiency of Ms. Miller's testimony when appealing the WCJ's 2004 Decision. It contends the Board properly found this argument was waived. Employer is silent regarding an agreement to consider additional issues in light of this Court's holdings in *Hensal* and *Cato*. It does point out, however, that even Mr. Mowery did not dispute the calculations of Ms. Miller.

■■■■ The doctrine of waiver is applicable in workers' compensation proceedings. *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084 (Pa.Cmwlth.1999). The appellant must bring to the attention of the appellate body its claims of error with some degree of specificity. *Matticks v. Workers' Compensation Appeal Board (Thomas J. O'Hora Co., Inc.)*, 872 A.2d 196 (Pa.Cmwlth.2005). Section 111.11(a)(2) of the WCAB Rules provides that the Notice of Appeal filed with the Board shall contain "[a] statement of the particular grounds upon which the appeal is based, including reference to the specific

**9.** Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Gentex Corp. v. Workers' Compensation Appeal Board (Morack)*, 975 A.2d 1214 (Pa.Cmwlth.2009).

**10.** Despite her argument that the WCJ erred in reopening the record to consider additional evidence and that her Review Petition should be granted based solely on the evidence presented in the initial proceedings, Claimant does state in her brief that "[t]he WCJ did not abuse his discretion by reopening the record

in this case. The WCJ was confronted by evolving case law and new arguments on remand involving [*Hensal* and *Cato* ]." Claimant's brief, p. 15. We recognize, however, that this "alternative theory" was presented in order to facilitate Claimant's argument that the Board erred in finding her argument regarding pro-rating any pension offset based on employment contributions to her pension prior to the passage of Act 57 waived. Indeed, Claimant contends that when the record was reopened on remand, the WCJ was to consider all issues including this one.

findings of fact which are challenged and the errors of the law which are alleged. General allegations that do not specifically bring to the attention of the Board the issues to be decided are insufficient for appeal purposes." 34 Pa.Code § 111.11(a)(2). An issue is waived unless it is preserved at every stage of the proceedings. *Lebanon Valley Brethren Home v. Workers' Compensation Appeal Board (Flammer)*, 948 A.2d 185, 188 (Pa.Cmwlth. 2008).

Initially, we point out that Claimant's reference to Conclusion of Law No. 3 is a typographical error. In Conclusion of Law No. 3 of his 2004 Decision, the WCJ disposed of the issue as to whether Employer was entitled to an offset as an entity directly liable for workers' compensation benefits when Claimant's benefits are paid by Compservices. Claimant presumably intended to reference Conclusion of Law No. 4 of the WCJ's 2004 Decision. That portion of the WCJ's decision reads as follows:

> 4. Section 204 of the Act must be strictly construed against Defendant... The Act fails to define pension; however, the benefits being received by Claimant are calculated, and paid through the State Employee Retirement System, based on monies received from both the employer and the employee. *Claimant has not challenged the calculation of the offset. As a result, the figures calculated by Ms. Miller are accepted.* Claimant argues that the temporary nature of the disability payments somehow distinguishes it. I can find no legal basis for this argument. Additionally, Claimant may choose to not take her disability pension at any time, and restore her workers' compensation benefits to their full amount. Having disposed of Claimant's arguments, this tribunal has no

choice but to dismiss her Petition. (Emphasis added).

R.R. at 16a.

As noted above, Claimant did challenge the WCJ's initial award denying her Review Petition. In asserting her claims of error, however, Claimant did not challenge the sufficiency of Ms. Miller's testimony. Rather, the specific arguments raised by Claimant were that Employer was not entitled to an offset because she did not believe the disability annuity she was receiving qualified as a pension as referenced in Section 204 of the WCA, that collateral/equitable estoppel barred the taking of an offset, and that Employer is not directly responsible for the payment of workers' compensation benefits. For these reasons, the Board reiterated that the issue of the sufficiency and accuracy of Ms. Miller's calculations was waived. We see no error in this determination as both *Matticks* and Section 111.11(a)(2) of the WCAB Rules indicate that an issue must be raised with specificity for it to be preserved in the appellate process. While Claimant did make several specific arguments concerning why Employer was not entitled to an offset in its Notice of Appeal filed with the Board following the WCJ's original decision, Claimant did not challenge the sufficiency or accuracy of Ms. Miller's calculations. Consequently, that issue was waived. *Flammer.*

Moreover, as determined by the Board, the WCJ, in accepting Mr. Mowery's testimony and reconsidering the testimony of Ms. Miller, exceeded his scope of review. A WCJ should restrict remand proceedings to the purpose indicated by the remand order. *Delaware County v. Workers' Compensation Appeal Board (Baxter–Coles)*, 808 A.2d 965 (Pa.Cmwlth. 2002). *See also Clark v. Workers' Compensation Appeal Board (Wonder Bread Co.)*, 703 A.2d 740 (Pa.Cmwlth.1997). On

remand, the WCJ may receive additional testimony in order to make necessary findings so long as the appellate tribunal's order does not contain limiting language. *Reilly v. Workmen's Compensation Appeal Board (Gen.Elec.Co.),* 136 Pa.Cmwlth. 543, 584 A.2d 364 (1990). To determine what the WCJ was directed to do within the scope of the remand order, it is necessary to examine the contents of that order. *Dow v. Workers' Compensation Appeal Board (Household Finance Co.),* 768 A.2d 1221 (Pa.Cmwlth.2001).

■ In its 2004 Order, the Board remanded solely for reconsidering two issues. It remanded for a determination as to whether Employer or Compservices was directly liable for Claimant's workers' compensation benefits and for clarification as to whether Claimant was lulled into taking her disability pension based on a mistaken belief that her indemnity benefits would not be reduced. *Delaware County, Clark,* and *Dow,* instruct that the WCJ, on remand, was to restrict the proceedings to those issues. The WCJ was not precluded from taking additional evidence on remand. Any additional evidence, however, would need to address only the issues contained in the Board's remand order. *Reilly.* The WCJ exceeded his scope of remand by receiving additional testimony and ruling upon the sufficiency and accuracy of Employer's pension offset calculations, an issue not contained in the Board's remand order.

■ This Court recognizes the purported agreement between the parties to expand the scope of the remand proceedings. *Assuming arguendo* that such an agreement authorized the WCJ to consider the testimony of Mr. Mowery and reconsider the testimony of Ms. Miller, we reject any contention by Claimant that her Review Petition should be granted. *Hensal* and *Cato* provide that actuarial testimony is

sufficient to meet an employer's burden to establish the extent of its offset in light of a claimant's receipt of pension benefits from a defined benefit plan. Mr. Mowery, Employer's actuary, was credited by the WCJ. He confirmed the calculations of Ms. Miller.

■ Claimant nonetheless contends that the WCJ was correct in ruling that any contributions made to her pension plan prior to the enactment of Act 57 cannot be used in calculating the Employer's offset. Thus, she asserts the WCJ properly found Ms. Miller made a mistake in calculating the offset and that any offset would be less than that determined by Mr. Mowery and/or Ms. Miller. The Board already rejected this argument based on waiver in its 2004 Opinion due to the fact that Claimant did not raise it in the initial proceedings before the WCJ. It reiterated this ruling in its most recent opinion. We believe the Board correctly disposed of this issue. Regardless, Claimant's argument is flawed and we would reject the same.

■ Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926, provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Additionally, a change in a statute may be retroactively applied where it is merely procedural and does not alter any substantive rights. *Montgomeryville Airport, Inc. v. Workmen's Compensation Appeal Board (Weingrad),* 116 Pa.Cmwlth. 433, 541 A.2d 1187 (1988). A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions. *McCormick v. Workers' Compensation Appeal Board (City of Phila.),* 734 A.2d 473 (Pa.Cmwlth. 1999). On the other hand, procedural changes establish the method for enforcing a right but have no bearing on whether a

party has a legal entitlement to relief under the facts as they exist in a particular case. *Id.* at 477. Sections 32.1 and 33 of Act 57 provide, *inter alia*, that the amendment of Section 204(a) of the WCA applies only to claims for injuries sustained after the effective date of Act 57. *See also City of Philadelphia v. Workers' Compensation Appeal Board (Andrews)*, 948 A.2d 221 (Pa.Cmwlth.2008).

Section 204(a) of the WCA provides that "the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award." Claimant, under Section 204(a), continues to receive her pension in full. It is only her workers' compensation benefits that are reduced when Employer elected to take the offset. Claimant sustained her work injury on August 7, 2000.[11] Pursuant to *Andrews* and the language of Act 57 itself, the amendment of Section 204(a) that allows for the offset at issue is applicable only to claimants who sustained their work injury after the effective date of Act 57 in 1996. If the Legislature intended to limit the amount of a pension offset to contributions made after the passage of

WCA, it could have expressly stated so. No new burdens are being placed on past transactions. There is no issue regarding retroactivity.

■ Claimant also argues that when her AWW was recalculated in a separate matter in 2007, it was set at $789.68 per week with a corresponding total disability rate of $526.45 per week. She asserts that when she received Act 534 benefits, she received them at $489.20 per week. Thus, she alleges a $300.48 shortfall.[12] Claimant posits that she is entitled to 66 2/3% of this difference, or $200.30.[13] Claimant contends that the WCJ has jurisdiction to entertain her claim to "additional workers' compensation benefits" based on the Supreme Court's ruling in *City of Erie v. Workers' Compensation Appeal Board (Annunziata)*, 575 Pa. 594, 838 A.2d 598 (2003)(holding that an injured employee who is entitled to and is receiving Heart and Lung Act benefits may seek workers' compensation benefits for concurrent employment).[14]

The WCJ's language when disposing of Claimant's request for additional money regarding a purported shortfall in Act 534 benefits that "the matter is not properly

---

11. Claimant, in one section of her brief, references that she has been receiving workers' compensation benefits for a work-related injury since 1990. Claimant's brief, p. 17. Presumably, this is a mere typographical error. It is worth noting, however, as the amendment of Section 204(a) of the WCA that provides for an offset of indemnity benefits based upon receipt of a pension did not take effect until 1996. Nonetheless, the record in this matter, including Claimant's own testimony, supports a finding that Claimant's work injury occurred on August 7, 2000. R.R. at 70a.

12. $789.68 − $489.20 = $300.48.

13. $300.48 × .6666 = $200.30.

14. It must be pointed out that while Claimant does raise the issue concerning the purported shortfall in Act 534 benefits in her Petition for

Review filed with this Court, she does not mention it in either the Statement of Questions Involved or argument section of her brief. Claimant does, however, address this issue in the Statement of the Case section of her brief. Claimant's brief, p. 7, fn. 3. Claimant is cautioned that issues must be properly preserved on appeal in order for this Court to review them. Issues must be raised in a party's petition for review as well as the Statement of Questions Involved and argument sections of one's brief. Otherwise, they may be deemed waived. *Bingnear v. Workers' Compensation Appeal Board (City of Chester)*, 960 A.2d 890 (Pa.Cmwlth.2008). *See also Muretic v. Workers' Compensation Appeal Board (DOL & Indus.)*, 934 A.2d 752 (Pa. Cmwlth.2007).

before me" is open to interpretation. It could be that the WCJ believed he was without jurisdiction to entertain a claim for additional benefits under Act 534. The WCJ may also have been indicating that such an issue was outside the scope of the Board's 2004 remand.

Regardless of the interpretation, the WCJ has committed no error. As explained above, the Board remanded the present litigation to the WCJ for clarification on two issues. Neither issue had anything to do with a shortfall in benefits under Act 534. Thus, the WCJ would be improperly exceeding his scope of review if he addressed this issue. *Delaware County; Clark.*

Moreover, WCJ's do not have jurisdiction to adjudicate claims to benefits under Act 534 or the Heart and Lung Act. *See Polk Ctr./Dep't of Public Welfare v. Workers' Compensation Appeal Board (Pochran)*, 682 A.2d 889 (Pa.Cmwlth.1996)(holding that although the WCA and Act 534 share a similar purpose, the two acts operate independently from one another requiring separate action after a full due process hearing by the respective governmental bodies that have been delegated to adjudicate claims); *Wisniewski v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 153 Pa. Cmwlth. 403, 621 A.2d 1111 (1993)(holding a WCJ may only terminate workers' compensation benefits and his order did not extend to Heart and Lung benefits); *Hardiman v. Department of Public Welfare*, 121 Pa.Cmwlth. 120, 550 A.2d 590

(1988)(holding the Department of Public Welfare is to adjudicate claims filed by its employees under Act 534). Thus, any claim for a shortfall in Act 534 benefits cannot be remedied by the WCJ. The case cited by Claimant, *Annunziata*, does not support her position. While the claimant in that case was receiving Act 534 benefits, the issue addressed by the WCJ concerned an entitlement to workers' compensation benefits.

We reiterate that the WCJ, in a 2007 decision amending Claimant's AWW already directed that Employer was responsible for the shortfall in Claimant's worker's compensation benefits based on the initial miscalculation of the AWW. To the extent Employer has not complied with this order that was not subject to an appeal, it appears Claimant must initiate a penalty proceeding to secure compliance. *See generally Nat'l Fiberstock Corp. v. Workers' Compensation Appeal Board (Grahl)*, 955 A.2d 1057 (Pa.Cmwlth.2008)(holding that failure to comply with a WCJ's order exposes an employer to potential liability for penalties).[15]

After a review of the record, we conclude that the Board did not err in rendering its 2009 Opinion. Accordingly, the opinion of the Board is affirmed.

### *ORDER*

AND NOW, this 17th day of March, 2010, the order of the Workers' Compensa-

---

**15.** In her Petition for Review, Claimant contends that the Board erred in reversing the award of litigation costs. Claimant does not discuss this issue in any respect in her brief. Consistent with *Bingnear* and *Muretic*, this issue must be deemed waived. Regardless, the Board reversed the WCJ's most recent decision and held that Employer was entitled to the offset it was seeking. Section 440(a) of the WCA, 77 P.S. § 996, provides that if an employer contests liability it will be liable for claimant's costs if the matter is resolved in whole or in part in the claimant's favor. In light of the Board's most recent order and our affirmance of the same, Claimant has not prevailed in whole or in part. Therefore, pursuant to Section 440(a) of the WCA, she is not entitled to litigation costs.

tion Appeal Board in the above-captioned matter is affirmed.