## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Teresa Naughton, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 130 C.D. 2016 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Lansdale Catholic High | : | |
| School), | : | |
| Respondent | : | |
| | | |
| Lansdale Catholic High School, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 193 C.D. 2016 |
| | : | Submitted: September 23, 2016 |
| Workers' Compensation Appeal | : | |
| Board (Naughton), | : | |
| Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: January 18, 2017

Teresa Naughton (Claimant) and Lansdale Catholic High School (Employer) have filed cross petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed and modified the decision of the Workers' Compensation Judge (WCJ). The Board affirmed the denial of Claimant's challenge to the modification of her disability status from total to partial following an impairment rating evaluation (IRE), and modified the date of the change from July 12, 2011, to April 19, 2013. Claimant argues that the Board erred in affirming the WCJ's denial of her review petition because her IRE was

unconstitutional under *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), *appeal granted*, 133 A.3d 733 (Pa. 2016). Employer argues that the Board erred in altering the disability status change date from July 12, 2011, to April 19, 2013. For the reasons that follow, we vacate the Board's order and remand for further proceedings.

On January 26, 2005, Claimant sustained a work injury diagnosed as post-concussive syndrome. Claimant received full disability benefits from January 28, 2005, to March 15, 2005, when she returned to work without wage loss. Eight years later, by order dated March 25, 2013, a WCJ reinstated Claimant's full disability benefits retroactive to September 1, 2009. Reproduced Record at 19a (R.R. ___). On April 19, 2013, Employer paid Claimant the amount awarded.

That same day, Employer filed a Request for Designation of a Physician to Perform an Impairment Rating Evaluation. On June 3, 2013, Dr. Barry Schnall did an IRE, using the Sixth Edition of the American Medical Association's "Guides to the Evaluation of Permanent Impairment" (Sixth Edition AMA Guides). Dr. Schnall determined that Claimant had a 39% impairment rating. Based on this impairment rating, Employer issued a Notice of Change of Workers' Compensation Disability Status, which indicated that the effective date of the change in the status of Claimant's disability benefits was July 12, 2011, when Claimant reached a total of 104 weeks of total disability.

On July 16, 2013, Claimant filed a review petition to set aside the modification of her disability status because the IRE was done more than 60 days after her receipt of benefits for 104 weeks. The matter was assigned to a WCJ, who found that Claimant had collected 104 weeks of total disability benefits as of April 19, 2013, and that the IRE on June 3, 2013, took place within 60 days of that

2

date. WCJ Decision and Order, 5/2/2014, at 3-4; R.R. 67a-68a. Accordingly, the WCJ agreed with Employer that Claimant's disability benefit status automatically changed on July 12, 2011. WCJ Decision and Order, 5/2/2014 at 4; R.R. 68a.

Claimant appealed to the Board and filed a supplemental brief challenging the legitimacy of her IRE based upon this Court's decision in *Protz*, 124 A.3d 406, which held that Section 306(a.2) of the Workers' Compensation Act[1] (Act), 77 P.S. §511.2, was unconstitutional because it delegated legislative authority to a private entity, *i.e.*, the American Medical Association.[2] The Board affirmed the WCJ's decision insofar as it rejected Claimant's review petition, but modified the effective date of the change in Claimant's disability status to April 19, 2013, the date on which Claimant had received 104 weeks of total disability compensation. Board Adjudication, 1/8/2016, at 9-10; R.R. 63a-64a. The Board acknowledged this Court's decision in *Protz*, but made no mention of Claimant's supplemental briefing of the issue and held the issue waived:

> In [*Protz*], the Commonwealth Court declared Section 306(a.2) of the Act unconstitutional insofar as it proactively approved versions of the AMA Guides beyond the Fourth Edition without review. As Claimant has lodged no specific challenge to the edition utilized or the constitutionality of the enabling provision, we will address the issues specifically raised in the Appeal….

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[2] *Protz* held that the legislature could adopt the Fourth Edition of the AMA Guides as the statutory standard for IREs. However, the legislature could not adopt any future, unknown, editions as its own, as it purported to do. Therefore, IREs have to be conducted in accordance with the Fourth Edition, unless or until the legislature amends the Act.

3

Board Adjudication, 1/8/2016, at 3 n.1; R.R. 57a (citations omitted). Claimant and Employer both petitioned for this Court's review.

On appeal,[3] Claimant argues that the Board erred in affirming the WCJ's decision to change her disability status because the IRE physician relied upon the Sixth Edition of the AMA Guides, which rendered the IRE invalid under *Protz*. Alternatively, Claimant contends that the Board erred in changing her effective disability status change date to April 19, 2013, and contends that it should be no earlier than June 3, 2013, the date on which the IRE was performed.

Employer argues that Claimant did not raise any issue regarding the IRE physician's use of the Sixth Edition AMA Guides before the Board and, thus, the issue is waived. Employer also argues the Board erred in modifying the WCJ's ordered inception of Claimant's partial disability status from July 12, 2011, to April 19, 2013.

We begin with a review of the relevant law. Under Section 306(a.2) of the Act, an employer may require a claimant to submit to an IRE upon receipt of 104 weeks of disability benefits. Section 306(a.2) provides criteria for determining who can perform an IRE and the degree of a claimant's impairment. It states:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment

---

[3] Our scope of review is to determine whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n.2 (Pa. Cmwlth. 2003).

4

shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, *pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."*

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment *under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment*," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment *under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment,"* the employe shall then receive partial disability benefits under clause (b): Provided, however, that no reduction shall be made until sixty days' notice of modification is given.

77 P.S. §511.2. (emphasis added). Specifically, Section 306(a.2) requires that the degree of impairment be determined "pursuant to the most recent edition of the American Medical Association 'Guides to the Evaluation of Permanent Impairment.'" *Id*.

In *Protz,* this Court held that Section 306(a.2) of the Act violated the constitutional proscription against the delegation of legislative authority because it required the use of versions of the AMA Guides adopted after the Fourth Edition without legislative review. *Protz,* 124 A.3d at 416. At the time Section 306(a.2) was enacted, the General Assembly reviewed and adopted the Fourth Edition of the AMA Guides as its own methodology. *Id.* at 416. We recognized that the General Assembly, as part of its legislative authority, can adopt standards established by

5

private institutions with expertise in a particular subject matter. *Id.* at 415. Nevertheless, the General Assembly must make basic policy choices, or provide standards to government agencies charged with adopting regulations to implement the standards established by specialized outside groups. *Id.* We concluded that Section 306(a.2) was devoid of any such standards, and the General Assembly failed to review or re-adopt the methodology contained in any subsequent AMA Guide editions. In effect, Section 306(a.2) was "provid[ing] a private party – the AMA – with carte blanche authority to implement its own policies and standards, proactively adopting those standards, sight unseen." *Id.* at 416. Accordingly, we held that Section 306(a.2) of the Act was unconstitutional by reason of its improper delegation of legislative authority. *Id.* As a result, the Fourth Edition is the most recent edition of the AMA Guides as a matter of law.

Claimant urges that her IRE, performed under the Sixth Edition AMA Guides, is a nullity based on this Court's holding in *Protz.* Employer responds that this issue is waived because Claimant failed to raise it before the Board.

The doctrine of waiver is applicable in workers' compensation proceedings. *Riley v. Workers' Compensation Appeal Board (DPW/Norristown State Hopsital)*, 997 A.2d 382, 387 (Pa. Cmwlth. 2010). Employer argues that because Claimant failed to raise an issue regarding the use of the Sixth Edition AMA Guides in her appeal forms, as required by Section 111.11(a)(2) of the procedural rules promulgated by the Board (Board Rules), 34 Pa. Code §111.11(a)(2),[4] the issue was not properly preserved and is now waived. Employer

---

[4] Section 111.11(a)(2) provides that an appeal to the Board must contain:

A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the

**(Footnote continued on the next page . . .)**

acknowledges that Claimant raised the issue, albeit in a supplemental brief to the Board filed December 7, 2015, after this Court rendered its decision in *Protz*. Employer maintains that supplemental briefing of the issue did not cure Claimant's waiver. We disagree.

Although Claimant failed to comply with Section 111.11(a)(2) of the Board Rules in raising the AMA Guides issue, it is not fatal to her claim.[5] The Rules of Appellate Procedure and the Administrative Agency Law, 2 Pa. C.S. §§501-502, 701-704, provide exceptions to waiver that allow an appellate court to consider a question not considered by a lower court or government unit. Pennsylvania Rule of Appellate Procedure 1551 provides, in pertinent part:

> (a) Appellate jurisdiction petitions for review. Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit except:
>
> 1. Questions involving the validity of a statute.
>
> 2. Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.

---

**(continued . . .)**

law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

34 Pa. Code §111.11(a)(2).

[5] Although the Board's opinion acknowledged Claimant's failure to raise any issue regarding the use of the Sixth Edition AMA Guides in her appeal, it also stated:

However, we note that questions involving the validity of a statute may be raised for the first time on appeal to the Commonwealth Court as per Section 703 of the Administrative Agency Law, 2 Pa. C.S. §703, and Pa. R.A.P. 1551(a)(1).

Board Adjudication, 1/8/2016, at 3 n.1; R.R. 57a.

3.   Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.

Pa. R.A.P. 1551.   In addition, Section 703 of the Administrative Agency Law provides:

(a) General rule.—A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa. C.S. §703(a).

Because this matter began before *Protz* was decided, this appeal presents an issue concerning the validity of a statute that Claimant raised at the first opportunity.[6]   Under Section 703 of the Administrative Agency Law and Pa. R.A.P. 1551(a), Claimant was permitted to raise the issue of the improper use of the Sixth Edition AMA Guides for the first time on appeal. *See Mazuruk v.*

---

[6] The WCJ's decision was issued on May 2, 2014. On May 16, 2014, Claimant appealed to the Board. *Protz* was decided on September 18, 2015. Claimant raised the constitutionality of her IRE in a supplemental brief to the Board on December 7, 2015, less than three months after this Court's decision in *Protz*. Although the Board did not consider this issue properly raised and therefore did not address it in its opinion issued January 8, 2016, we hold Claimant raised the *Protz* issue at the first opportunity, in her supplemental brief. As the issue was raised at the first opportunity and in Claimant's petition for review filed with this Court, it is not waived. Petition for Review, 1/29/2016, at 3-4.

8

*Workers' Compensation Appeal Board (Gillin & Sons Contracting, Inc.)*, (Pa. Cmwlth., No. 1216 C.D. 2015, filed October 14, 2016) (applying *Protz* even though it was decided after the Board's decision and the claimant's petition for review); *Ruse v. Workers' Compensation Appeal Board (Valley Medical Facilities Swickley)*, (Pa. Cmwlth., No. 952 C.D. 2014, filed January 13, 2016); *Beasley v. Workers' Compensation Appeal Board (PECO Energy Company)*, __ A.3d __ (Pa. Cmwlth., No. 634 C.D. 2016, filed December 22, 2016).

Accordingly, the Board's order is vacated, and this matter is remanded to the WCJ to allow Dr. Schnall to determine whether the difference between the Fourth and Sixth Editions of the AMA Guides would have materially impacted his impairment rating of Claimant. If Dr. Schnall determines the changes in the Fourth and Sixth Editions were irrelevant to his opinion that Claimant had a full body impairment of 39%, he must explain that determination in an amended report. If the edition revision materially affected Dr. Schnall's impairment rating of Claimant, then Employer may request a new IRE in accordance with the methodology contained in the Fourth Edition of the AMA Guides.[7]

_____
MARY HANNAH LEAVITT, President Judge

---

[7] Given our disposition of this action, Claimant's and Employer's remaining issues are rendered moot.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Teresa Naughton, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 130 C.D. 2016 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Lansdale Catholic High | : | |
| School), | : | |
| Respondent | : | |
| | | |
| Lansdale Catholic High School, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 193 C.D. 2016 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Naughton), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 18th day of January, 2017, the order of the Workers' Compensation Appeal Board dated January 8, 2016, in the above-captioned matter is VACATED and the case is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge