**KMART, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WILLIAMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 2001.

Decided April 4, 2001.

---

Noreen Maley Piatt, Philadelphia, for petitioner.

Clifford B. LePage, Jr., Reading, for respondent.

Before SMITH, Judge, FRIEDMAN, Judge and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Kmart (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) to deny Employer's suspension petition. We also affirm.

On April 27, 1987, Gloria Williams (Claimant) sustained a work-related herniated lumbar disc and, as a result, received weekly workers' compensation benefits. In September 1998, Employer filed a suspension petition alleging that, as of July 9, 1998, Claimant was offered work within her physical capabilities but that she failed to follow through on the position in good faith. (WCJ's Findings of Fact, Nos. 1, 3.) Claimant filed an answer denying the allegations, and hearings were held before a WCJ.

In support of the suspension petition, Employer presented the testimony of Jose Auday, M.D., who, after examining Claimant on only one occasion, opined that Claimant could return to full-time, light duty work on a fixed schedule. However, Dr. Auday agreed that Claimant suffered from pain consistent with her prior injury and that she is beset by permanent partial disability. Moreover, Dr. Auday admitted that he could not render an opinion that Employer offered Claimant a job within her restrictions because Employer only provided Dr. Auday with a job title, "checkout service associate," and gave no details concerning the physical demands of that position. (WCJ's Findings of Fact, Nos. 7–9.)

In defending against the suspension petition, Claimant testified on her own behalf and presented the medical testimony of Eric Holm, M.D, her primary treating physician. Dr. Holm testified that Claimant suffered severe back and leg pain which prevented her from returning to any work that would require her to lift more than ten pounds and/or work any fixed schedule. Dr. Holm testified that these restrictions were permanent in nature. (WCJ's Findings of Fact, No. 6.)

Rejecting Dr. Auday's testimony that Claimant could return to full-time light duty employment, the WCJ credited Dr. Holm's testimony that Claimant continues to require physical restrictions related to her work injury and that the restrictions placed on Claimant's ability to return to work were permanent in nature. (WCJ's Findings of Fact, Nos. 6, 7, 10.) The WCJ then concluded that Claimant remained "temporarily totally disabled" and denied Employer's suspension petition. (WCJ's Findings of Fact, No. 12; WCJ's Conclusions of Law, No. 2.) The WCAB affirmed, and Employer now appeals to this court.[1]

On appeal, Employer concedes that it cannot challenge the WCJ's credibility determination with respect to Dr. Holm's testimony, *see Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973), and, therefore, does not seek a reversal of the WCJ's and the WCAB's decisions. However, Employer contends that, while it does not challenge the credibility of Dr. Holm's testimony itself, it does question the WCJ's findings and conclusions based on that testimony. Specifically, Employer objects to the following finding:

6. [E]mployer failed to show that [C]laimant has recovered sufficiently from her work-related back injury in order to perform her regular job or any other job offered to her. This Judge accepts Dr. Holm's opinions as to [C]laimant's severe back and leg pain and as to her inability to return to any work which would require lifting more than 10 pounds and/or working any fixed schedule. *The restrictions imposed are, moreover, permanent in nature.*

(WCJ's Finding of Fact, No. 6) (emphasis added).

Employer argues that the WCJ exceeded his authority by determining that Claimant's physical restrictions are permanent. Employer maintains that, by making this finding, the WCJ essentially has created a new type of disability, i.e., permanent total disability, which, if allowed to stand, would forever preclude Employer from future challenges to Claimant's disability status. Employer contends that, as a matter of law, the Workers' Compensation Act (Act)[2] does not envision, and may not recognize, a finding of permanent total disability. Accordingly, Employer requests that the decision of the WCJ and the WCAB be affirmed, but modified to eliminate any references to permanent restrictions on Claimant's ability to return to work.

■ Initially, we dismiss Employer's assertion that the ultimate result of the WCJ's findings is that Claimant has sustained permanent total disability. Indeed, although the WCJ properly relied on Dr. Holm's testimony to find that Claimant always would be subject to physical restrictions due to her work injury, the WCJ never found that Claimant was *permanently* totally disabled. To the contrary, the WCJ specifically, and repeatedly, found that Claimant was *temporarily* totally disabled.[3] Moreover, there is no basis to

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether substantial evidence supports the necessary factual findings. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2. Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

3. For example, the WCJ found:

2. Claimant remains under the primary care of Eric Holm, M.D., a neurosurgeon, who has severely restricted her work activities. Thus, [C]laimant remains *temporarily* totally disabled.
5. Claimant suffers from severe and chronic pain in her lower back radiating

Employer's argument that the WCJ's findings in this regard are internally inconsistent. Simply stated, a finding that Claimant's restrictions are permanent is neither contradictory to, nor inconsistent with, the finding that Claimant's total disability is temporary.

■ It appears that Employer's concern stems from its confusion with regard to workers' compensation law. For purposes of receiving workers' compensation, "disability" is a term synonymous with loss of earning power; it does not refer to physical impairment. *Bissland v. Workmen's Compensation Appeal Board (Boyertown Auto Body Works)*, 162 Pa.Cmwlth. 348, 638 A.2d 493 (1994). Thus, even when an employee will suffer permanent work-related physical limitations, that employee is considered totally disabled within the meaning of the Act only if those physical limitations occasion a complete loss of earnings.[4] Conversely, if appropriate work is available to the employee, then he or she is not considered totally disabled, in spite of any permanent physical infirmi-

ties. Clearly then, Employer's fear that it will be precluded from any further challenges to Claimant's disability status absent the requested modification is unfounded.

■ As to whether the WCJ exceeded his authority by determining that Claimant has permanent physical restrictions, we note that a WCJ's role is to make findings, and take appropriate actions, based on the evidence of record. *See Ohm v. Workmen's Compensation Appeal Board (Caloric Corporation)*, 663 A.2d 883 (Pa. Cmwlth.1995). Here, the WCJ credited the testimony of Claimant's medical witness that Claimant's restrictions are permanent, and, as Employer acknowledges, credibility determinations are not reviewable. Further, the record reveals that even Employer's own medical witness, whose testimony regarding Claimant's ability to return to work was discredited, conceded that Claimant had a permanent partial disability. Thus, the WCJ acted within his authority in finding that Claimant always

---

down into her legs and remains unable to perform her regular job and is severely limited in work capacity. In addition, [E]mployer has not offered any modified or restricted duty work which has been approved by Dr. Holm, who has basically kept [C]laimant in a no work status *as of this writing.*

10. This Judge credits Dr. Holm's testimony as to [C]laimant's ongoing *temporary* total disability and rejects Dr. Auday's opinion regarding her ability to return to the alleged modified job.

12. This Judge accepts [C]laimant's testimony as to her ongoing *temporary* total disability and her inability to return to work. Moreover, this Judge finds that [C]laimant remains *temporarily* totally disabled in that [Employer] failed to provide either to Dr. Auday or to [C]laimant a written job description describing the duties and physical requirements of a "checkout service associate."

13. This Judge finds that [C]laimant remains *temporarily* totally disabled as per her testimony and the testimony of Dr. Holm, both of which this Judge credits. (WCJ's Findings of Fact, Nos. 2, 5, 10, 12, 13) (emphases added). The WCJ also made the following Conclusion of Law:

2. [Employer] failed to meet its burden of proof that [C]laimant has recovered sufficiently in order to do her regular job or that a job was made available to [C]laimant within the restrictions of Dr. Holm, her main treating physician. Claimant remains *temporarily* totally disabled as [Employer] failed to provide [C]laimant with a description of the physical requirements of the alleged modified job.
(WCJ's Conclusions of Law, No. 2) (emphasis added).

4. Of course, where a claimant's physical injury results in a partial loss of earning power, i.e., a reduction of income, he or she is partially, but not totally, disabled.

will be subject to restrictions with respect to her work duties.

Because the record contains substantial evidence to support the WCJ's findings, and because the WCJ has committed no legal errors, we affirm, without modification, the WCAB's order denying Employer's suspension petition.

## ORDER

AND NOW, this 4th day of April, 2001, the order of the Workers' Compensation Appeal Board, dated October 4, 2000, is hereby affirmed.