# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri Jones,                          :
                Petitioner   :
                                    :
          v.                 : No. 1531 C.D. 2016
                                    : Submitted:  March 10, 2017
Workers' Compensation Appeal          :
Board (Villanova University),         :
                Respondent   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: March 30, 2017


       Terri Jones (Claimant) petitions for review of the Workers' Compensation Appeal Board's (Board) order affirming the Workers' Compensation Judge's (WCJ) denial of a claim petition she filed against Villanova University (Employer or University) for injuries purportedly work-related. The only issue in this appeal is whether the Notice of Stopping Temporary Compensation (NSTC) was sent by Employer within five days after the last payment of temporary compensation. For the reasons below, we affirm.

**I.**

Claimant worked as a patrol officer for Employer. On the evening of January 27, 2012, Claimant was stationed at the University's West Gate to ensure that vehicles desiring to enter the campus had permission to do so. When a vehicle approached the West Gate without displaying the necessary credentials, Claimant stopped the vehicle and informed the driver that he was not allowed on campus. Nonetheless, the driver drove through and continued onto University property. Soon after, the vehicle approached the West Gate attempting to exit. Claimant stepped in front of the vehicle to speak with the driver, at which point the vehicle bumped into Claimant twice, striking both of her knees. Claimant informed Employer of the incident on February 7, 2012, but continued to work until May 15, 2012, when she claimed she could no longer perform her duties because of the pain in her knees.

Because it was uncertain whether her injuries were compensable, on June 6, 2012, Employer issued a Notice of Temporary Compensation Payable (NTCP) as provided for in Section 406.1(d)(1) of the Workers' Compensation Act (Act).[1] Two days later, on June 8, 2012, Claimant filed a claim petition. On June

---

[1] Section 406.1(d)(1) of the Act of June 2, 1915, P.L. 736, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 717.1(d)(1), provides:

> In any instance where an employer is uncertain whether a claim is compensable under this act or is uncertain of the extent of its liability under this act, the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable as prescribed by the department.

14, 2012, Claimant received a check from Employer paying Claimant lost wages from May 15, 2012, until June 6, 2012. The following day, June 15, 2012, Employer issued a Notice of Compensation Denial (NCD) and the NSTC,[2] having determined that it did not accept liability for the claim.

Both parties submitted fact and medical expert witness testimony before the WCJ on whether Claimant's purported injuries were work-related. Rejecting Claimant's testimony as not credible, the WCJ denied benefits because Claimant did not meet her burden of proving that she sustained a work-related injury.

Claimant appealed the decision to the Board, contending that, among other things, the WCJ erred because he failed to determine whether Employer did not send Claimant an NSTC within five days of the last payment, converting the NTCP into a Notice of Compensation Payable (NCP) by operation of law.[3]

---

[2] Employer filed the NSTC pursuant to Section 406.1(d)(4) of the Act, 77 P.S. § 717.1(d)(4), which provides, "Payments of temporary compensation may continue until such time as the employer decides to controvert the claim."

[3] The "five-day rule" under Section 406.1(d)(5)(i) of the Act provides:

> If the employer ceases making payments pursuant to a notice of temporary compensation payable, a notice in the form prescribed by the department shall be sent to the claimant and a copy filed with the department, but in no event shall this notice be sent or filed later than five (5) days after the last payment.

77 P.S. § 717.1(d)(5)(i). Section 406.1(d)(6) of the Act provides:

> If the employer does not file a notice under paragraph (5) within the ninety-day period during which temporary compensation is

**(Footnote continued on next page…)**

Finding that Employer did not violate the five-day rule under Section 406.1(d)(5)(i) of the Act, 77 P.S. § 717.1(d)(5)(i), because the NSTC was sent within five days of when Claimant received the last payment, the Board affirmed the WCJ's decision. Claimant then filed this petition for review.[4]

## II.

The only issue on appeal is what is the event from which the NSTC has to be sent or filed within no later than 5 days as set forth in Section 406.1(d)(5)(i) of the Act, 77 P.S. § 717.1(d)(5)(i). Claimant contends that the five-day period begins from the last date for which compensation is payable, not when payment is sent. She contends that if the five-day period is calculated from the date that payment is made, it would allow Employer to extend the period within which it may deny a claim under an NTCP by merely dating a check to coincide with the date on which it is issued. If Claimant's contention is accepted, the five day period is calculated from the last date for which compensation was paid, *i.e.* June 6, 2012, not the date the payment was sent, June 14, 2012, making the June

---

**(continued…)**

> paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable.

77 P.S. § 717.1(d)(6).

[4] Our review of a decision of the Board is limited to determining whether errors of law were made, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth. 2009), *appeal denied*, 982 A.2d 1229 (Pa. 2009).

4

15, 2012 NSTC out of time with the effect that the NTCP was converted by operation of law into an NCP.

Section 406.1 of the Act sets forth an employer's obligations and sets time limits and procedures on how an employer is to make a determination on the validity of the claim, including the payment of temporary compensation to extend the period to determine the claim's validity and the time for making payments of compensation. What is considered the "last payment" under Section 406.1(d)(5)(i) of the Act can be discerned by what is considered "payment" in Section 406.1(a) of the Act, which provides, in pertinent part:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to **commence the payment of compensation** due either pursuant to an agreement upon the compensation payable or a notice of compensation payable . . . or pursuant to a notice of temporary compensation payable as set forth in subsection (d). . . . **The first installment of compensation shall be paid not later than the twenty-first day** after the employer has notice or knowledge of the employe's disability. . . .

77 P.S. § 717.1(a) (emphases added).

Because it provides that "compensation shall be paid not later than the twenty-first day" after an agreement, NCP or NTCP, under Section 406.1(a), time is calculated from when compensation must be paid, not the last period for which compensation is payable ended. Moreover, an employer cannot manipulate the period within which it may deny a claim under an NTCP by merely dating a check

5

to coincide with the date on which it issued because those payments are required to be issued in the manner set forth by the Act.[5]

For the reasons set forth above, the Board's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[5] Claimant also contends that in *Thomas Lindstrom Co. v. Workers' Compensation Appeal Board (Braun)*, 992 A.2d 961 (Pa. Cmwlth. 2010), we held that the appropriate date to calculate the "last payment" from which an NSTC must be issued under Section 406.1 of the Act is always the last day of the final payment period. While in that case we used the end of the pay period, *Lindstrom* involved a unique factual pattern because the last payment of temporary compensation was made for a period after the check for payment was sent. In that case, claimant received his last payment of compensation under the NTCP on February 11, 2003, but that check covered payment of compensation until February 20, 2003. On February 21, 2003, the employer issued an NSTC. Because the NSTC was not sent within five days of when payment was received, Claimant contended that the NSTC was converted to an NCP. We found that the employer filed notice within five days of the "last payment" because employer prepaid the claimant's benefits at the beginning of each pay period, and the "last payment" was received on the date he was no longer being paid temporary compensation. Implicit in our decision is that an NSTC could not be issued and time could not begin to run while temporary compensation was still being paid. We went on to note that "it would not make sense and it would not serve the purposes of the Act to penalize an employer for pre-paying an employee's benefits." *Id.* at 969.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri Jones,                                    :
                     Petitioner               :
                                               :
          v.                                   : No. 1531 C.D. 2016
                                               :
Workers' Compensation Appeal                   :
Board (Villanova University),                  :
                     Respondent                :

# **O R D E R**

AND NOW, this 30<u>th</u> day of <u>March</u>, 2017, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated August 16, 2016, is affirmed.

_____
DAN PELLEGRINI, Senior Judge