# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Joyner,                          :
                 Petitioner        :
                                :
          v.                   :
                                :
Workers' Compensation Appeal            :
Board (Best Personnel),                 :   No. 351 C.D. 2017
                 Respondent        :   Submitted: July 21, 2017


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED:  January 3, 2018

Walter Joyner (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 28, 2017 order reversing the Workers' Compensation Judge's (WCJ) decision granting Claimant's Penalty Petition (Penalty Petition) under Section 435(d) of the WC Act (Act).[1]  There are two issues before this Court: (1) whether the Board erred by reversing the WCJ's decision; and (2) whether the Board and the WCJ erred by failing to reinstate Claimant's indemnity benefits.  After review, we affirm.

Claimant was employed by Best Personnel (Employer).  On April 8, 2015, Employer's Insurer, Gallagher Bassett Services (Insurer), issued Claimant a check for $268.35, representing WC payment for an alleged work injury that occurred on March 12, 2015 to cover the indemnity period of March 13, 2015 through March

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.  Section 435(d) of the Act was added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d).

25, 2015. *See* Reproduced Record (R.R.) at 9a, Finding of Fact (FOF) 6. On April 9, 2015, Employer issued a Notice of Temporary Compensation Payable (NTCP) to Claimant for the alleged work injury sustained on March 12, 2015. The injury was listed as "[r]ight [acromioclavicular (]AC[)] joint; right heel" in the nature of a "strain; contusion" caused by Claimant's slip and fall on the floor. *See* R.R. at 2a. Also, on April 9, 2015, Employer issued a Notice Stopping Temporary Compensation (NSTC) and a Notice of Compensation Denial (NCD). The NCD indicated that Claimant's WC indemnity benefits were discontinued as of March 26, 2015.[2]

On September 16, 2015, Claimant filed his Penalty Petition, wherein, he alleged that Employer and Insurer "violated the . . . [Act] by unilaterally stopping . . . Claimant's benefits without an Agreement or Order by a Judge." Supplemental Reproduced Record (S.R.R.) at 1. Claimant requested "[a] penalty in the amount of fifty (50%) percent of all unpaid indemnity benefits . . . in addition to interest, attorney[']s fees and costs." *Id*.

WCJ hearings were held on October 1, November 12, and December 10, 2015.[3] On February 29, 2016, the WCJ granted Claimant's Penalty Petition and ordered Employer to pay a $1,000.00 penalty. The WCJ concluded that Employer

---

[2] The NCD provided:

> Benefits paid 3/13-25/2015; [Release to Return to Work] w/o restrictions on 3/26/2015, but [Employee] did not return. Benefits stopped as of 3/26/2015. All reasonable, necessary, and causally-related medical treatment will continue to be paid. [Inpatient] hospitalization will not be covered, not related to work injury. Treatment for heel spurs will not be covered, not related to work injury.

R.R. at 4a.

[3] The Board's certified record contains transcripts of the October 1, 2015 and December 10, 2015 hearings. However, the certified record does not contain a transcript of the November 12, 2015 hearing. Employer represented in its brief to this Court that no record of the November 12, 2015 hearing was created.

2

violated Section 406.1(a) of the Act[4] by failing to timely file the necessary documentation with the Department of Labor and Industry's (Department) Bureau of Workers' Compensation (Bureau) accepting or denying liability for the alleged work injury. The WCJ further declared that Employer's simultaneous NTCP, NSTC, and NCD filings were "at best confusing and at worse [sic] disingenuous." R.R. at 10a, FOF 8.

On March 17, 2016, Claimant appealed to the Board claiming that the WCJ erred by failing to reinstate Claimant's indemnity benefits. On March 23, 2016, Employer filed a cross-appeal asserting that the WCJ erroneously granted the Penalty Petition based on an alleged violation that Claimant did not plead and without notice to the Employer, and that the award was excessive. On February 28, 2017, the Board reversed the WCJ's decision holding that the WCJ erred by awarding a penalty for an Act violation that was not pled or proved. Claimant appealed to this Court.[5]

---

[4] Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. Section 406.1(a) of the Act states, in pertinent part:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable . . . or pursuant to a[n NTCP]. . . . The first installment of compensation **shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability.**

77 P.S. § 717.1(a) (emphasis added).

[5] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014). "'Substantial evidence' is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Washington v. Workers' Comp. Appeal Bd. (State Police)*, 11 A.3d 48, 54 n.4 (Pa. Cmwlth. 2011). Further,

> '[i]n performing a substantial evidence analysis, this [C]ourt must view the evidence in a light most favorable to the party who prevailed before the factfinder.' [*Waldameer Park, Inc. v. Workers' Comp.*

Claimant argues that the Board erred by reversing the WCJ's decision when the WCJ "factually determined that the Employer's use of the [NTCP, NSTC, and NCD] was in violation of the Act," and the Board usurped the WCJ's role as fact finder by deeming the Employer's use of the documents appropriate.[6] Claimant Br. at 11.

"[A] claimant who files a penalty petition bears the burden of proving a violation of the Act occurred. If the claimant meets his or her initial burden of proving a violation, the burden then shifts to the employer to prove it did not violate the Act." *Gumm v. Workers' Comp. Appeal Bd. (Steel)*, 942 A.2d 222, 232 (Pa. Cmwlth. 2008) (citation omitted). However, "[b]efore penalties may be imposed, it is well established that notice and a hearing must first be afforded the person involved in the noncompliance." *Brasco v. Workmen's Comp. Appeal Bd. (Gee Bee Furniture)*, 546 A.2d 717, 719 (Pa. Cmwlth. 1988); *see also Reilly v. Workmen's Comp. Appeal Bd. (Gen. Elec. Co.)*, 584 A.2d 364 (Pa. Cmwlth. 1990); *Crangi Distrib. Co. v. Workmen's Comp. Appeal Bd.*, 333 A.2d 207 (Pa. Cmwlth. 1975).

Here, Claimant asserted in his Penalty Petition that Employer violated the Act "by unilaterally stopping [] Claimant's benefits. . . ." S.R.R. at 1. Notwithstanding, the WCJ imposed a penalty for Employer's violation of "[S]ection

*Appeal Bd. (Morrison),* 819 A.2d 164, 168 (Pa. Cmwlth. 2003)]. 'Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.' *Id.* 'It does not matter if there is evidence in the record supporting findings contrary to those made by the WCJ; the pertinent inquiry is whether the evidence supports the WCJ's findings.' *Id.*

*3D Trucking Co., Inc. v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007).

[6] "The question of whether an employer violates the Act is a question of law[.]" *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007). Claimant argues that the WCJ's "factual[] determin[ation]" was instead a legal conclusion. Claimant Br. at 11.

406.1 of the [Act] by failing to file with the Bureau the necessary documentation accepting or denying liability for the alleged employment injury in a timely manner." R.R. at 9a, FOF 7. Because the WCJ imposed a penalty for conduct that was not raised in the Penalty Petition and Employer had no notice or opportunity to be heard thereon, the WCJ erred by imposing the penalty. Under the circumstances, the Board properly reversed the WCJ's decision.

Moreover, Section 406.1 of the Act requires an employer to promptly investigate and commence compensation payments, and mandates that the first payment shall be made within twenty-one days of receiving notice of the work injury. *See* 77 P.S. § 717.1. Section 311 of the Act provides, in relevant part:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given[.]

77 P.S. § 631. "Whether Claimant gave notice to Employer in compliance with Section 311 [of the Act] is a question of fact for the [WCJ]." *Kelly v. Workmen's Comp. Appeal Bd. (Pepsi Cola Bottling Co. of Phila.)*, 647 A.2d 275, 277 (Pa. Cmwlth. 1994).

Despite having the initial burden of proving Employer's purported Act violation, *Gumm*, Claimant did not furnish any evidence of when Employer was notified of his injury. Without such evidence, it is impossible to know when the twenty-one day period began to run and whether Employer timely filed the required documents. Accordingly, the WCJ could not and did not identify any record evidence supporting her finding that Employer did not timely file the documents. Therefore, the Board did not usurp the WCJ's role as fact finder, but rather, correctly recognized that there was no record evidence specifying when the Employer had

5

actual knowledge or received notice of Claimant's injury. Therefore, even assuming *arguendo* Claimant had sought a penalty for the Employer's alleged violation of Section 406.1 of the Act (for failing to timely file necessary documentation) and notified Employer thereof, upholding the WCJ's decision granting the Penalty Petition would have been improper.

Claimant also contends that the WCJ and the Board erroneously failed to reinstate his indemnity benefits as a remedy for Employer's violation of Section 406.1(d)(5)(i) of the Act,[7] since Employer filed the NSTC more than five days after the payment cycle's last day. Claimant specifically asserts that, since Employer's last payment (issued on April 8, 2015) was made retroactively for the indemnity period ending March 25, 2015, the NSTC had to be filed no later than March 30, 2015 to comply with Section 406.1(d)(5)(i) of the Act. Thus, according to Claimant, the April 9, 2015 NCD, filed the day after the check was issued, was untimely. Claimant declares that, as a result, the April 9, 2015 NTCP converted into an open Notice of

---

[7] Section 406.1(d)(5) of the Act states, in relevant part:

(i) **If the employer ceases making payments pursuant to a[n] [NTCP], a notice in the form prescribed by the [D]epartment shall be sent to the claimant and a copy filed with the [D]epartment, but in no event shall this notice be sent or filed later than five (5) days after the last payment.**

(ii) This notice shall advise the claimant, that if the employer is ceasing payment of temporary compensation, that the payment of temporary compensation was not an admission of liability of the employer with respect to the injury subject to the [NTCP], and the employe must file a claim to establish the liability of the employer.

(iii) If the employer ceases making payments pursuant to a[n] [NTCP], after complying with this clause, the employer and employe retain all the rights, defenses and obligations with regard to the claim subject to the [NTCP], and the payment of temporary compensation may not be used to support a claim for compensation.

77 P.S. § 717.1(d)(5) (emphasis added).

6

Compensation Payable (NCP) pursuant to Section 406.1(d)(6) of the Act,[8] and Employer's unilateral cessation of Claimant's benefits entitled him to indemnity benefits.[9]

Section 435(d) of the Act states, in relevant part: "The [D]epartment, the [B]oard, or any court which may hear any proceedings brought under this [A]ct shall have the power to impose penalties as provided herein for violations of the provisions of this [A]ct or such rules and regulations or rules of procedure[.]" 77 P.S. § 991(d). Section 435(d) of the Act gives the WCJ, the Board, and the Court power to impose penalties for Act violations. It does not, however, authorize them to reinstate indemnity benefits as a remedy. Further, Claimant did not petition to reinstate his benefits or even request reinstatement in his Penalty Petition. Therefore, neither the WCJ nor the Board erred in failing to grant Claimant indemnity benefits.

Even assuming indemnity benefits could be reinstated ancillary to a penalty petition and Claimant had actually requested reinstatement therein, Claimant could not prevail. Section 406.1(d)(1) of the Act specifies that

> [i]n any instance where an employer is uncertain whether a claim is compensable under this [A]ct or is uncertain of the extent of its liability under this [A]ct, the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a[n] [NTCP] as prescribed by the [D]epartment.

77 P.S. § 717.1(d)(1). Here, Employer issued an NTCP on April 9, 2015, agreeing to retroactively pay Claimant a weekly indemnity rate of $313.07 beginning on March

---

[8] Section 406.1(d)(6) of the Act provides: "If the employer does not file a notice under paragraph (5) within the ninety-day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the [NTCP] shall be converted to a[n NCP]." 77 P.S. § 717.1(d)(6).

[9] This argument is the same contention that formed the basis for Claimant's Penalty Petition. *See* S.R.R. at 1. Although this argument was not the justification for the WCJ's penalty decision, for the reasons discussed herein, since no open NCP existed, Employer and Insurer did not improperly discontinue Claimant's indemnity benefit payments.

13, 2015. On the same day, Employer issued the NCD and the NSTC stating: "This notice is being sent because payment of compensation, being paid pursuant to the [NTCP], is being stopped as of [March 26, 2015]." R.R. at 3a. Accordingly, Employer's issuance of the NTCP and the NSTC was consistent with Section 406.1 of the Act.

> Section 406.1(d)(5)(i) of the Act directs:
>
> If the employer ceases making payments pursuant to a[n] [NTCP], a notice in the form prescribed by the [D]epartment shall be sent to the claimant and a copy filed with the [D]epartment, but in no event shall this notice be sent or filed later than five (5) days after the last payment.

77 P.S. § 717.1(d)(5)(i). "[T]he 'last payment' under Section 406.1(d)(5)(i) of the Act can be discerned by what is considered 'payment' in Section 406.1(a) of the Act[.]" *Jones v. Workers' Comp. Appeal Bd. (Villanova Univ.)*, 164 A.3d 542, 545 (Pa. Cmwlth. 2017).

In *Jones*, the claimant suffered an alleged work-related knee injury on February 7, 2012, but continued to work until May 15, 2012, when she informed her employer she could no longer perform her work duties due to knee pain. Her employer issued an NTCP on June 6, 2012. On June 14, 2012, the employer paid the claimant lost wages from May 15 through June 6, 2012. On June 15, 2012, the employer filed an NSTC and an NCD, denying liability for the claim. This Court concluded that "[b]ecause [Section 406.1(a) of the Act] provides that 'compensation shall be paid not later than the twenty-first day' after an agreement, NCP or NTCP, . . . **time is calculated from when compensation must be paid**, not the last period for which compensation is payable ended." *Id*. (Emphasis added). *Jones* is dispositive. In the instant case, the last payment date was April 8, 2015, when Employer sent

8

Claimant the $268.35 check.[10]  Employer's NSTC filing on April 9, 2015, one day after issuance of payment, was well within the five-day period.  Therefore, the NTCP did not convert to an open NCP.[11]  Accordingly, the WCJ and the Board did not err by not reinstating Claimant's indemnity benefits.

Based upon the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[10] Claimant asserts that the NSTC was untimely pursuant to the holding in *Thomas Lindstrom Co., Inc. v. Workers' Compensation Appeal Board (Braun)*, 992 A.2d 961 (Pa. Cmwlth. 2010).  In *Lindstrom*, the claimant had been receiving WC benefits for two months, and payments were issued at the beginning of the two-week payment cycle.  The employer filed an NSTC less than five days after the payment cycle ended, but more than five days after the claimant received the check.  This Court held that the employer did not violate Section 406.1 of the Act because the employer was paying the claimant's benefits in advance.  This Court elaborated: "[I]t would not make sense and would not serve the purposes of the Act to penalize an employer for pre-paying an employee's benefits." *Lindstrom*, 992 A.2d at 969.

Notably, the *Jones* Court held that *Lindstrom* is of limited applicability.  Addressing the argument that the appropriate issuance date of "last payment" of an NSTC must always be the last day of a final payment period, this Court explained, "[w]hile in [*Lindstrom*] we used the end of the pay period, *Lindstrom* involved a unique factual pattern because the last payment of temporary compensation was made for a period after the check for payment was sent." *Jones*, 164 A.3d at 545 n.5.  In the instant matter, because Employer paid Claimant's benefits retroactively, Claimant's reliance on *Lindstrom* is misplaced.

[11] Claimant also argues that Employer manipulated its issuance of the NSTC and NCD in an "attempt to obfuscate the fact that it paid him indemnity benefits *sua sponte* a week *before* it issued them." Claimant Br. at 12.  Because Claimant did not raise this argument to the WCJ or the Board, he waived it. *Riley v. Workers' Comp. Appeal Bd. (DPW/Norristown State Hosp.)*, 997 A.2d 382, 388 (Pa. Cmwlth. 2010) ("An issue is waived unless it is preserved at every stage of the proceedings.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Joyner,
                 Petitioner

      v.

Workers' Compensation Appeal
Board (Best Personnel),
                Respondent

:
:
:
:
:
:
:
:     No. 351 C.D. 2017
:

## O R D E R

AND NOW, this 3rd day of January, 2018, the Workers' Compensation Appeal Board's February 28, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge