# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Communication Test Design, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation | : | |
| Appeal Board (Simpson), | : | No. 1196 C.D. 2019 |
| Respondent | : | Submitted: January 17, 2020 |


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY　　　　　　　　　　　　　FILED:　April 22, 2020


Communication Test Design (Employer) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) August 2, 2019 order affirming the Workers' Compensation Judge's (WCJ) decision denying Herbert L. Simpson's (Claimant) Claim Petition, granting Claimant's Reinstatement and Penalty Petitions, and dismissing Employer's Suspension Petition as moot; and reversing the WCJ's decision dismissing Employer's Termination Petition as moot and modifying that decision to reflect a termination of Claimant's WC benefits as of February 23, 2017.  Employer presents two issues for this Court's review: (1) whether Claimant had to prove ongoing disability and entitlement to temporary total disability (TTD) benefits to prevail on his Reinstatement and Penalty Petitions; and (2) whether Employer is required to pay unreasonable contest fees when Claimant is not entitled to TTD benefits.

On December 5, 2016, Claimant allegedly sustained work injuries during the course and scope of his employment with Employer.  On December 20, 2016, Employer issued a Medical Only Notice of Temporary Compensation Payable

(NTCP), accepting liability for medical bills for the alleged work injury, described as an eye laceration. On January 4, 2017, Employer issued an amended NTCP, under which it began paying Claimant disability benefits. On February 7, 2017, Employer issued a Notice Stopping Temporary Compensation Payable (NSTC), indicating that it ceased paying compensation as of January 19, 2017. Attached to the NSTC was a Notice of Compensation Denial (NCD), denying that Claimant sustained a work injury.

On February 13, 2017, Claimant filed a Claim Petition, alleging he sustained work injuries in the nature of a concussion, post-concussion syndrome, right eye laceration, right shoulder sprain/strain and internal derangement of the right shoulder on December 5, 2016. Claimant sought TTD from the date of injury and ongoing, reimbursement for associated medical services, litigation costs, and unreasonable contest attorney's fees. On April 7, 2017, Claimant filed the Reinstatement and Penalty Petitions, claiming that Employer violated the Pennsylvania Workers' Compensation Act (Act).[1] Specifically, Claimant asserted that Employer failed to issue an NSTC within five days after the last payment of temporary compensation. Claimant requested penalties at the rate of 50% on all past due compensation. Claimant also sought assessment of unreasonable contest attorney's fees pursuant to Section 440 of the Act, 77 P.S. § 996.[2] Claimant further asked for reinstatement of total disability benefits based on Employer's misuse of documents.

On April 18, 2017, Employer filed the Termination Petition averring that Claimant fully recovered from his alleged work injuries as of February 23, 2017. Employer also filed the Suspension Petition on May 3, 2017, asserting that Claimant responded in bad faith to a specific job offer. The WCJ held hearings on March 20,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
[2] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

May 8, September 13 and November 6, 2017. On May 4, 2018, the WCJ denied Claimant's Claim Petition, granted Claimant's Reinstatement and Penalty Petitions, and dismissed Employer's Termination and Suspension Petitions as moot. The WCJ determined that Claimant's work injury was limited to a right eye laceration, which did not result in disability.

However, the WCJ ruled that Claimant was entitled to a reinstatement of benefits based on the conversion of the amended NTCP to a Notice of Compensation Payable (NCP) by operation of law, because Employer failed to timely file an NSTC and NCD. Thus, the WCJ granted the Reinstatement Petition. The WCJ also awarded a 10% penalty because Employer violated the Act by failing to timely file the NSTC and NCD and by unilaterally ceasing payment. The WCJ further determined that Employer's contest as to the Reinstatement Petition was unreasonable and awarded $8,140.00 in unreasonable contest fees. Finally, the WCJ held that Claimant failed to establish any injury other than an eye laceration and terminated Claimant's WC benefits as of the date of decision. The WCJ dismissed as moot Employer's Suspension and Termination Petitions, concluding that Claimant failed to meet his burden of establishing that his eye laceration resulted in disability or that he had any other compensable work injuries. Claimant and Employer appealed to the Board.

On August 2, 2019, the Board affirmed the WCJ's decision denying Claimant's Claim Petition, granting Claimant's Reinstatement and Penalty Petitions, and dismissing Employer's Suspension Petitions as moot; reversed the WCJ's decision dismissing Employer's Termination Petition as moot; and modified the WCJ's decision to reflect a termination of benefits as of February 23, 2017. Employer appealed to this Court.[3]

_____

[3] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent

3

Employer first argues that the WCJ erred by granting Claimant's Reinstatement and Penalty Petitions. Claimant rejoins that, pursuant to Section 406.1 of the Act, 77 P.S. § 717.1 (relating to prompt payment),[4] his WC benefits were reinstated as a matter of law because Employer did not file its NSTC within five days of the last WC payment.

Initially, the Pennsylvania Supreme Court has explained:

A claimant seeking reinstatement of suspended benefits must prove that his or her earning power is once again adversely affected by his or her disability,[5] and that such disability is a continuation of that which arose from his or her original claim. **The claimant need not re-prove that the disability resulted from a work-related injury during his or her original employment**. Once the claimant meets this burden, the burden then shifts to the party opposing the reinstatement petition. In order to prevail, **the opposing party must show that the claimant's loss in earnings is not caused by the disability arising from the work-related injury**. This burden may be met by showing that the claimant's loss of earnings is, in fact, caused by the claimant's bad faith rejection of available work within the relevant required medical restrictions or by some circumstance barring receipt of benefits that is specifically described under provisions of the Act or in this Court's decisional law.

*Bufford v. Workers' Comp. Appeal Bd. (N. Am. Telecom)*, 2 A.3d 548, 558 (Pa. 2010) (emphasis added).

However, "in certain situations[,] a claimant who seeks a reinstatement of benefits must establish disability through the pendency of the reinstatement

---

evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014). "Substantial evidence has been defined as such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*

[4] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

[5] "'[F]or purposes of receiving [WC], 'disability' is a term synonymous with loss of earning power; it does not refer to physical impairment.'" *Lindemuth v. Workers' Comp. Appeal Bd. (Strishock Coal Co.)*, 134 A.3d 111, 123 (Pa. Cmwlth. 2016) (quoting *Kmart v. Workers' Comp. Appeal Bd. (Williams)*, 771 A.2d 82, 85 (Pa. Cmwlth. 2001)).

petition." *Kranak v. Workers' Comp. Appeal Bd. (U.S. Airways)* (Pa. Cmwlth. No. 1265 C.D. 2013, filed March 7, 2014),[6] slip op. at 14. "Here, Claimant never established disability *prior to* the filing of the [R]einstatement [P]etition." *Id.* (emphasis added). Thus, "[i]t was Claimant's burden to establish his entitlement to a reinstatement of benefits." *Id.*

> In his Penalty/Reinstatement Petition, Claimant alleged:
>
> [Employer] has failed to issue a[n] [NSTC] no later than five (5) days after the last payment of temporary compensation. Claimant requests penalties at the rate of fifty percent (50%) on all past due compensation. Claimant requests assessment of unreasonable contest attorney's fees pursuant to [Section] 440 of the Act. **Claimant requests reinstatement of total disability benefits based on the misuse of documents**.

Reproduced Record (R.R.) at 20a (emphasis added).

> The WCJ determined:
>
> Because the last day that compensation was paid was January 19, 2017, the [NSTC] had to be filed by January 24, 2017. The [NSTC] was not filed until February 7, 2017. Thus, **the** [**NTCP**] accepting Claimant's injury as a laceration to his eye with disability effective December 5, 2016 **converted to a[n]** [**NCP**] **by operation of law**.

WCJ Dec. at 4, Finding of Fact (FOF) 12 (emphasis added).

First, although the NSTC stated that "payment of compensation . . . [was] being stopped as of 01-19-2017[,]" there was no testimony as to what period that payment covered, *see Thomas Lindstrom Co., Inc. v. Workers' Comp. Appeal Bd. (Braun)*, 992 A.2d 961 (Pa. Cmwlth. 2010), nor is the date of the last payment

---

[6] Pursuant to Section 414(a) of the Commonwealth Court Internal Operating Procedures, unreported opinions of a panel of the Commonwealth Court, if issued after January 15, 2008, may be cited for persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

identified in the record, *see Jones v. Workers' Comp. Appeal Bd. (Villanova Univ.)*, 164 A.3d 542 (Pa. Cmwlth. 2017); thus, there is no evidence upon which the WCJ could base his determination that the NSTC was not filed within five days of the last payment. "No penalty may be imposed . . . absent proof of a violation of the Act or its regulations, and a violation of the Act **must appear in the record** in order for a penalty to be appropriate." *Dow v. Workers' Comp. Appeal Bd. (Household Fin. Co.)*, 768 A.2d 1221, 1226 (Pa. Cmwlth. 2001) (emphasis added; citation omitted). Because substantial evidence does not support the WCJ's conclusion that Employer violated the Act by failing to file the NSTC within five days of the last payment, the WCJ erred by granting the Penalty Petition.

Second, and more importantly, Section 406.1 of the Act does not sanction conversion of an NTCP to an NCP for failure to file an NSTC within five days of stopping payment. Rather, Section 406.1(d)(5) of the Act mandates:

> (i) If the employer ceases making payments pursuant to a[n] [NTCP], a notice in the form prescribed by the [D]epartment [of Labor and Industry (Department)] shall be sent to the claimant and a copy filed with the [D]epartment, but in no event shall this notice be sent or filed later than five (5) days after the last payment.
>
> (ii) This notice shall advise the claimant, that if the employer is ceasing payment of temporary compensation, that the payment of temporary compensation was not an admission of liability of the employer with respect to the injury subject to the [NTCP], and the employe must file a claim to establish the liability of the employer.
>
> (iii) If the employer ceases making payments pursuant to a[n] [NTCP], after complying with this clause, the employer and employe retain all the rights, defenses and obligations with regard to the claim subject to the [NTCP], and the payment of temporary compensation may not be used to support a claim for compensation.

> (iv) Payment of temporary compensation shall be considered compensation for purposes of tolling the statute of limitations under [S]ection 315 [of the Act[7]].

77 P.S. § 717.1(d)(5). There is no remedy stated therein for failure to comply with Section 406.1(d)(5)(i) of the Act. There is a remedy, however, for failure to file an NSTC within 90 days of the filing of an NTCP. Section 406.1(d)(6) of the Act requires: "**If the employer does not file a**[**n**] [**NSTC**] under paragraph (5) **within the ninety-day period during which temporary compensation is paid or payable**, the employer shall be deemed to have admitted liability and **the** [**NTCP**] **shall be converted to a**[**n**] [**NCP**]." 77 P.S. § 717.1(d)(6) (emphasis added).

Here, the NTCP was issued on December 20, 2016, and Employer filed its NSTC on February 7, 2017. Because the NSTC was filed within 90 days of the NTCP, the NTCP could not convert to an NCP by operation of law. Thus, the WCJ and the Board erred by concluding otherwise.

In support of their decisions, the WCJ and the Board relied upon *Jones*. However, *Jones* is distinguishable from the instant case in that here, there is no record evidence as to the last payment date and therefore it is unknown whether the last payment was made within five days thereof. Further, the *Jones* Court expressly stated: "The only issue on appeal is what is the event from which the NSTC has to be sent or filed within no later than [five] days as set forth in Section 406.1(d)(5)(i) of the Act, 77 P.S. § 717.1(d)(5)(i)." *Jones*, 164 A.3d at 544-45. The Court held: "Because [the Act] provides that 'compensation shall be paid not later than the twenty-first day' after an agreement, NCP or NTCP, under Section 406.1(a), time is calculated from when compensation must be paid, not the last period for which compensation is payable ended." *Jones*, 164 A.3d at 545. The issue before the *Jones* Court is not the same issue herein nor did the *Jones* Court hold that if the NSTC was

---

[7] 77 P.S. § 602.

not sent within five days of the last benefit payment the NTCP would convert to an NCP by operation of law.[8]  Accordingly, *Jones* is inapposite and the WCJ and the Board erred in relying thereon.

Moreover, Section 406.1(d)(5)(ii) of the Act expressly states that if the employer files an NSTC, "**the payment of temporary compensation [is] not an admission of liability of the employer** with respect to the injury," and "**the employe must file a claim to establish the liability of the employer**."  77 P.S. § 717.1(d)(5)(ii) (emphasis added).  Accordingly, Claimant herein filed a Claim Petition on February 13, 2017, which the WCJ denied.  Because "Claimant never established disability prior to the filing of the [R]einstatement [P]etition[,]" "[i]t was Claimant's burden to establish his entitlement to a reinstatement of benefits." *Kranak*, slip op. at 14.  The WCJ concluded: "Claimant has failed to sustain his burden of proving that he sustained anything other than a laceration above his eye in the incident of December 5, 2016.  Thus, Claimant's Claim Petition for all other injuries **and disability is denied**."  WCJ Dec. at 14, Conclusion of Law (COL) 3 (emphasis added); *see also* COL 4 ("Claimant did not suffer any additional injuries or any disability as a result of his alleged work injury.").  Because Claimant did not prove his entitlement to a reinstatement of benefits, the WCJ erred by granting his Reinstatement Petition.

Employer next argues that it is not required to pay unreasonable contest fees because Claimant is not entitled to TTD benefits.  Specifically, Employer contends its contest was not intended to harass Claimant but, rather, to determine

---

[8] In addition, the *Jones* Court found the NSTC was filed within five days of the last payment; thus, whether the NTCP converted to an NCP by operation of law was not an issue before the Court, and therefore, "not essential to the decision." *Program Admin. Servs. Inc. v. Dauphin Cty. Gen. Auth.*, 874 A.2d 722, 729 (Pa. Cmwlth. 2005), *aff'd*, 928 A.2d 1013 (Pa. 2007) (quoting *City of Lower Burrell v. City of Lower Burrell Wage & Policy Comm.*, 795 A.2d 432, 437 n.7 (Pa. Cmwlth. 2002)).  Accordingly, any mention of the conversion by operation of law is merely "[j]udicial dictum [which] is not binding authority." *Program Admin. Servs. Inc.*, 874 A.2d at 729.

whether Claimant was ever disabled as a result of the accepted work injury. Claimant rejoins that he is entitled to unreasonable contest fees pursuant to Section 440 of the Act because Employer continued to litigate the matter after the NTCP converted to an NCP as a matter of law.

Section 440(a) of the Act provides:

**In any contested case** where the insurer has contested liability in whole or in part, **including contested cases involving petitions to** terminate, **reinstate**, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, **the employe** or his dependent, as the case may be, **in whose favor the matter at issue has been finally determined in whole or in part shall be awarded**, in addition to the award for compensation, **a reasonable sum for costs incurred** for attorney's fee . . . : **Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer**.

77 P.S. § 996(a) (emphasis added).

Here, the WCJ determined:

47. This [WCJ] has carefully considered Claimant's request for unreasonable contest attorney's fees. In reviewing this, this [WCJ] does not consider the various defenses to the [c]laim proposed by Employer. The statute is clear that the [NSTC] must be filed not later than five days after compensation is stopped. Employer offers no defense to the late issuance of the [NSTC] and thus there is no defense for its failure to reinstate Claimant's total disability benefits. **This [WCJ] finds that Employer's contest to the [Reinstatement Petition] was unreasonable**.

48. Based on Employer's unreasonable contest, this [WCJ] awards Claimant's attorney his Quantum Meruit attorney fee in the amount of $8,140.00. Said fee shall be paid directly to Claimant's attorney.

49. **Based on Claimant's success with regard to the [Reinstatement Petition] and the Penalty Petition,**

> **Employer shall pay Claimant's attorney his litigation costs** in the amount of $5,939.43. Said costs shall be paid directly to Claimant's attorney.
>
> 50. This [WCJ] approves the fee agreement between Claimant and his counsel but does not award a fee because Counsel's fee is covered by the unreasonable contest fees and no disability benefits are awarded in Claimant's Claim Petition.

WCJ Dec. at 14, FOFs 47-50 (emphasis added).

At the outset, Claimant did not file separate Reinstatement and Penalty Petitions. Claimant filed a combined Reinstatement and Penalty Petition, therein alleging that Claimant was entitled to reinstatement because Employer failed to timely file its NSTC. The law is well settled that "a claimant who files a penalty petition bears the burden of proving a violation of the Act occurred. If the claimant meets his or her initial burden of proving a violation, the burden then shifts to the employer to prove it did not violate the Act." *Baumann v. Workers' Comp. Appeal Bd. (Kellogg Co.)*, 147 A.3d 1283, 1293 (Pa. Cmwlth. 2016) (quoting *Gumm v. Workers' Comp. Appeal Bd. (Steel)*, 942 A.2d 222, 232 (Pa. Cmwlth. 2008) (citation omitted)).

As discussed above, Claimant did not present any evidence that Employer violated the Act. Thus, the burden did not shift to Employer to prove it did not violate the Act. Further, because Claimant never established a disability prior to the filing of the Reinstatement Petition, he had the burden to establish his entitlement to a reinstatement of benefits. *Kranak*. Employer not only contested the Reinstatement Petition, it prevailed in proving that Claimant did not suffer a disability. Accordingly, the WCJ erred by awarding unreasonable contest fees.[9]

---

[9] Employer also requests this Court to reverse the WCJ's decision dismissing its Suspension Petition as moot. Given the disposition of the above issues, this Court holds Employer's Suspension Petition is now moot.

10

For all of the above reasons, the Board's order is affirmed in part and reversed in part. The portion of the Board's order affirming the WCJ's decision granting Claimant's Reinstatement and Penalty Petitions is reversed; and the portion of the Board's order reversing the WCJ's decision dismissing Employer's Termination Petition as moot is reversed. The portion of the Board's order affirming the WCJ's decision denying Claimant's Claim Petition is affirmed; and the portion of the Board's order dismissing Employer's Suspension Petition as moot is affirmed.


_____
ANNE E. COVEY, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Communication Test Design,       :
                Petitioner      :
                           :
          v.             :
                           :
Workers' Compensation       :
Appeal Board (Simpson),     :    No. 1196 C.D. 2019
                Respondent   :

O R D E R

AND NOW, this 22nd day of April, 2020, the Workers' Compensation Appeal Board's (Board) August 2, 2019 order is affirmed in part and reversed in part.

The portion of the Board's order affirming the Workers' Compensation Judge's (WCJ's) decision granting Herbert L. Simpson's (Claimant) Reinstatement and Penalty Petitions is REVERSED. The portion of the Board's order reversing the WCJ's decision dismissing Communication Test Design's (Employer) Termination Petition as moot is REVERSED.

The portion of the Board's order affirming the WCJ's decision denying Claimant's Claim Petition is AFFIRMED. The portion of the Board's order dismissing Employer's Suspension Petition as moot is AFFIRMED.

_____
ANNE E. COVEY, Judge